IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANGELA TATE, ET AL.                                                                 PLAINTIFFS

v.                                                      CIVIL ACTION NO. 2:19-cv-63-KS-MTP

DR. MICHAEL ZALESKI, ET AL.                                           DEFENDANTS

## ORDER

THIS MATTER is before the Court on the Motion for Joinder of Party [12] filed by Emily Hitchcock. Having considered the Motion, the record, and the applicable law, the Court finds that the Motion should be denied.

On January 2, 2019, Plaintiffs Angela Tate, Darshaun Young, Dena Myers, and Hope Landing filed this sexual discrimination case against Defendants Dr. Michael Zaleski and Hattiesburg Total Foot Care. On April 10, 2019, Hitchcock file the instant Motion, seeking to be joined as a plaintiff in this action under Fed. R. Civ. P. 19. Like the Plaintiffs in this action, Hitchcock alleges that she was subjected to sexual harassment and retaliation while employed at Hattiesburg Total Foot Care.

A Rule 19 analysis involves two inquiries. *See HS Res., v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First the court must consider whether a person should be joined as a party under Rule 19(a). *Id*. "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *Id.*

Rule 19(a)(1) provides as follows:

A person who is subject to service of process and whose joinder will not deprive
the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The decision on whether a party is indispensable pursuant to Rule 19 is left to the sound discretion of the district court. *Bank One Texas N.A. v. Arcadia Financial Ltd.*, 219 F.3d 494, 497 (5th Cir. 2000).

Hitchcock asserts that, in her absence, the Court will not be able to accord complete relief among the existing parties. Hitchcock also asserts that she is so situated that disposing of this case in her absence would impair her ability to protect her interests relating to the subject of this action. In their Response [18], Defendants argue that "the presence or absence of Hitchcock will not affect any relief to which the existing Plaintiffs may be entitled against the Defendants." Defendants also argue that Hitchcock's ability to protect her interests will not be affected by this case.

Hitchcock argues that her joinder in this action would help to show a pattern of discrimination and may aid in protecting her interests by allowing her to litigate alongside similarly situated plaintiffs instead of on her own. That Hitchcock's joinder in this action may aid in her efforts to recover damages from Defendants does not meet the requirements of Rule 19. Hitchcock does not present sufficient reasons why Plaintiffs would be prevented from receiving complete relief, or why her interests would be impaired, by her absence in this action. Each Plaintiff has made specific, individual allegations against the Defendants. Each Plaintiff is

litigating the discrete question of whether Defendants harassed her in a specific instance and will have to present individualized proof in support of her respective claim. Hitchcock's absence from this action will not prevent the Court from according complete relief among the Plaintiffs.

Additionally, Hitchcock may initiate her own lawsuit based on the alleged actions of Defendants. She will not be bound by the outcome of this action. Multiple lawsuits will not subject Defendants to double or inconsistent liabilities, as each potential victim will only be able to recover a judgment as to their individual damages caused by the alleged misconduct.

In her Reply [24], Hitchcock argues that the Court may also allow her to join as a plaintiff under Fed. R. Civ. P. 20 and 21. The Court, however, will not consider this argument as it was raised for the first time in a rebuttal. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."). When arguments are first raised in a reply, the other parties are deprived of an opportunity to respond.

IT IS, THEREFORE, ORDERED that the Motion for Joinder of Party [12] is DENIED.

SO ORDERED this the 10th day of May, 2019.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE