**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ANGELA TATE,** *et al.*                                                                                    **PLAINTIFFS**

**V.**                                                                    **CIVIL ACTION NO. 2:19-cv-0063-KS-MTP**

**DR. MICHAEL ZALESKI,** *et al.*                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause came before the Court on the Motion to Dismiss [159] filed by Defendant, Mississippi State Board of Medical Licensure ("the Board"). Plaintiffs responded [170, 171] and the Board replied [172]. Having reviewed the parties' submissions, the relevant legal authorities, and otherwise being duly advised in the premises, the Court finds the motion will be granted.

**I. BACKGROUND**

Plaintiffs filed their original Complaint, alleging sex discrimination/sexual harassment, on January 2, 2019. [1]. At that time, the Defendants were Dr. Michael Zaleski, Hattiesburg Total Foot Care, Total Foot Care, and it lists "Company John Doe." [1]. Plaintiffs later sought leave to join parties, amend claims, and substitute the Board for "John Doe Company." [80], which the Court granted [96]. The Court gave the Plaintiffs until February 14, 2020 to file their Amended Complaint, which they did on February 10, 2020. *See* [149].

In both the original Complaint and the Amended Complaint, Plaintiffs claim that jurisdiction lies in "Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991." [1] at ¶ 1; [149] at ¶ 4.  In the Amended Complaint, Plaintiffs state, "Plaintiff[s] joins, amends, and substitute Defendant, John Doe Company as Mississippi State Board of Medical Licensing for general negligence, negligent licensing, supervising a

1

problematic doctor including knowledge of alcohol abuse, sexual abuse, and physical abuse of women." [149] at ¶ 2. Plaintiffs then set forth their "Statement of the Facts Relating to Joined Party," which is replete with allegations of negligence. [149] at pp. 3-5.[1] In the Amended Complaint, the claims for relief are: Count One: Civil Rights Act of 1964, as amended (Title VII) Unlawful Employment Practices-Gender Discrimination and Retaliation; Count Two: 42 U.S.C. § 1981-Retaliation; Count Three: Negligent Hiring and Supervision; and Count Four: Intentional Infliction of Emotional Distress. The Board now moves to dismiss all claims against it.

## II. DISCUSSION

The Board moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Board argues that Plaintiffs cannot state a claim under Title VII due to the lack of an employment relationship. The Board also argues that it is not a "person" amendable to suit under either 42 U.S.C. § 1981 or 42 U.S.C. § 1983, and as such, as an arm of the State, the Board enjoys sovereign immunity as to the federal retaliation claim, as well as all state law claims, and thus, there is a lack of subject matter jurisdiction.

### A. Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint.[2] *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F. 3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1] Plaintiffs claim the Board "failed to warn, protect, alert, advise, alarm, prohibit, stop or even give caution . . . " and "negligently . . . allowed Dr. Zaleski to continue to practice medicine . . ." and "negligently . . . even knew that Dr. Zaleski . . ." [149] at pp. 3-5.

[2] Plaintiffs attached an exhibit to their response to their opposition to the Board's motion that was not an attachment to its Amended Complaint. [170-1]. Given the standard on a Motion to Dismiss, the Court has not considered the contents of such exhibit.

plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F. 3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F. 3d 757, 762 (5th Cir. 2011).

**B. Analysis**

The Court will address below Plaintiffs' ability to state a claim as to the federal causes of action, starting with Title VII and proceeding to the Section 1981 claim. The Court will then address the state law claims. However, the Court will first address the issue of a supplemental pleading, which Plaintiffs raise in response to the Board's complaint that there are no factual allegations in the original Complaint against the John Doe Company. [171] at pp. 2-3.

It is true that in "substituting" the Board for the John Doe Company there were no allegations in the original Complaint directly addressing any actions on the part of John Doe Company. However, Plaintiffs assert that the Amended Complaint is essentially a supplemental pleading under Federal Rule of Civil Procedure 15(d), which is permitted even though the

3

original pleading is defective in stating a claim. As such, it appears that Plaintiffs intend to rely on the allegations set forth in the Amended Complaint against the Board, and the Court has, in fact, done that. Consequently, despite there being a "substitution," the Court does not base any part of its ruling solely on the fact that the original Complaint lacks allegations against either the John Doe Company or the Board.  We now address the federal claims.

### 1. Title VII Claim

Title VII provides, in pertinent part, that:

> It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge an individual, or otherwise to discriminate against any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin . . . .

42 U.S.C. §2000e-2(a). For a plaintiff to bring an action under Title VII, the plaintiff must have an employment relationship with the defendant. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) ("Title VII is available only against an employer."). A plain reading of the statute above itself makes such requirement clear. Accordingly, to maintain a Title VII action, the plaintiff must be an employee.

Defendants assert that Plaintiffs cannot sustain a claim under Title VII against the Board because the Board is not, and has never been, Plaintiffs' "employer" as that term has been defined under Title VII. Plaintiffs never directly address this issue to argue that somehow the Board is an employer to any of the Plaintiffs. Instead, Plaintiffs curiously refers to Fifth Circuit holding regarding the Fourteenth Amendment's equal protection clause forbidding a state from denying a person equal protection. [170] at p. 2; [171] at p. 3.[3]

---

[3] Plaintiff refers to the holding but fails to give a citation to a Fifth Circuit case. [171] at p. 3.

4

The Fourteenth Amendment is irrelevant in this case, as there are no constitutional violations alleged in either the original Complaint or the Amended Complaint. As such Plaintiff's reference to violations of equal protection and procedural due process do not assist in any analysis under Title VII. Further, Plaintiffs' argument that the Board's allowing Dr. Zaleski to practice medicine, knowing his propensities, deprived Plaintiffs of their "entitled 14th U.S. Constitutional Right of protection from harm suffered at the hand of Dr. Zaleski and Total Foot Care"[4] is not only confusing but non-sensical in the context of an "employment" discrimination claim under Title VII. Contrary to Plaintiffs' assertion, Title VII is not actionable through the Fourteenth Amendment. Title VII is a stand-alone, statutory cause of action contained in 42 U.S.C. §2000e, *et seq*.

The Court finds that neither the original Complaint, which is referenced throughout the Amended Complaint, nor the Amended Complaint itself contain any allegation that anyone other than Total Foot Care is the employer to any Plaintiff. Indeed, all of the EEOC documentation attached to the original Complaint is directed to Total Foot Care and Dr. Zaleski, and the allegations contained therein make clear that Plaintiffs were employees of Total Foot Care. Because there is no allegation or a showing, in any form, that the Board and Plaintiffs have an employer/employee relationship, the Title VII claim fails as a matter of law and will be dismissed with prejudice.

### 2. Section 1981 Claim

Count Two is titled as a claim for retaliation under 42 U.S.C. §1981. Defendant argues that one cannot bring a cause of action under Section 1981, except through 42 U.S.C. § 1983.

---

[4] *See* [171] at p. 4.

5

Defendant then argues that because, under the law, it is not a "person," under Section 1983, sovereign immunity bars the action. Plaintiffs do not address this particular argument.

The Board is correct that to remedy violations of civil rights under § 1981 against those acting under color of state law, the claim must be brought through § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989); *Oden v. Oktibbeha County*, 246 F.3d 458, 462-463 (5th Cir. 2001); *Upchurch v. City of Moss Point*, No. 1:10-cv-229-LG-RHW, 2011 WL 5082224, *4 (S.D. Miss. Oct. 26, 2011). The United States Supreme Court has held that § 1983 does not override a State's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979), *overruled on other grounds by Hafer v. Melo*, 502 U.S. 21, 27 (1991) (affirming *Edelman v. Jordan*, 415 U.S. 651 (1974)). The Supreme Court later specifically held that a State is not a "person" under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (citing *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)).

Based on these precedents and others, it continues to be the law of this circuit that a State, or an arm of the state, is entitled to Eleventh Amendment immunity and cannot subject to liability for money damages under § 1983. *See, e.g., Med Rx/Systems, P.L.L.C. v. Tex. Dept. of State Health Svcs.*, 633 Fed. App'x 607, 610 (5th Cir. 2016); *Copeland v. Livingston,* 464 F. App'x 326, 330 (5th Cir. 2012).

The Board argues that it is an arm of the state based on the extensive analysis set forth by Judge Lee in *Williams v. Morgan,* 710 F. Supp. 1080 (S.D. Miss. 1989). The Court agrees with the analysis in *Williams*, a decision from this Court, and likewise concludes that the Board is a

6

state agency which functions as the alter ego of the state. As such, the Board is immune from a § 1983 suit in federal court under the Eleventh Amendment. Therefore, Plaintiff's § 1981 claim, which must be brought through § 1983, shall be dismissed with prejudice.

That having been said, in addition to sovereign immunity, the Court raises *sua sponte* another ground for dismissal of the Section 1981 retaliation claim.[5] In the allegations of Count Two, Plaintiffs state, "The actions of Defendants' [sic] were negligent, deliberate, willful and showed a reckless disregard for females in the workplace. Under Title VII includes discrimination against those who do not conform to sex or gender stereotypes." [149] at p. 7. Such allegations, as well as similar allegations throughout both the original Complaint and the Amended Complaint, have nothing to do with stating a retaliation claim under Section 1981.

"The elements of a § 1981 retaliation claim are (1) that the plaintiff engaged in activities protected by § 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017) (citing *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 339, 340 n.8 (5th Cir. 2003)). Allegations of sex discrimination do not involve activities protected by § 1981 because § 1981 "prohibits racial discrimination in the making and enforcement of private contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 172 (1989), *superseded by statute on other grounds*.[6] There are no allegations of the Board's interference with the Plaintiffs' ability to make or enforce any contract due to their race. There is also no allegation

---

[5] "A district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir.2012) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998)). Examining Plaintiffs' allegations in light of the law on Section 1981 claims is surely a fair procedure.

[6] The court in *Patterson* limited the application of § 1981 in the employment setting to situations where a refusal to enter into an employment contract was based on race but did not include promotions. Congress later passed the Civil Rights Act of 1991, which now defines the term "make and enforce contracts" to include "the making, performance, modification, and termination of contracts . . . ." Thus, "modification" would include promotions. As such, the court's explanation about the general nature of Section 1981 involving race discrimination is still sound.

7

of any retaliatory action by the Board against any Plaintiffs for engaging in any protected activity under § 1981. Accordingly for this additional reason, Plaintiffs are unable to state a federal claim for retaliation under § 1981, and the claim shall be dismissed with prejudice.

In support of its claims, Plaintiffs cite to *Ford v. Louisiana State Bd. of Med. Examiners*, No. CV 18-4149, 2018 WL 5016220, at *1 (E.D. La. Oct. 16, 2018). [171] at p. 4-5. It appears that, again, Plaintiffs are attempting to implicate the Fourteenth Amendment. In the *Ford* case, a physician had sued the state's medical board who had licensed the physician and subjected her to various suspensions, reinstatements and subsequent compulsory consent orders for which she arguably had a right to be heard prior to having such restrictions placed on her license. *Id.* at *1, *7. No such issues are present in this case. The Plaintiffs are not physicians with a right to be heard by a state licensing board prior to restrictions being placed on their licenses. As stated previously, there are no constitutional claims or even an inferred one. There are no allegations in either the original Complaint or Amended Complaint that would give rise to a procedural due process claim, or an equal protection claim as Plaintiffs suggest, against the Board in this case. Simply because the board of medical examiners in *Ford* found certain physical and psychological issues with the plaintiff physician, regardless of the fact that the Board in this case may have made certain prior findings against Dr. Zaleski, the *Ford* case does not stand for the proposition that third-parties like the Plaintiffs here, not subject to the rules and procedures of such a board, would somehow have a due process claim against such a board.[7]

---

[7] Plaintiff also cites to *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). [171] at p. 6. This case is also distinguishable. That case involved complaints and hearings relevant to a lawyer's discipline under his state bar's ethics rules. Simply because a case involves a professional going before some sort of licensing or disciplinary "board," as apparently Dr. Zaleski did, it does not make it relevant to this case where Plaintiffs, who are third parties to such a process, clearly have no grounds for a procedural due process claim.

Finally, Plaintiffs argue that the exemption to Eleventh Amendment immunity pursuant to the *Ex parte Young* doctrine applies. However, the Court finds that is not the case. As the Fifth Circuit recently explained,

> There are three basic elements of an *Ex parte Young* lawsuit. The suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law. An *Ex parte Young* suit must also seek equitable relief—relief that is "declaratory or injunctive in nature and prospective in effect." "[T]he inquiry into whether suit lies under Ex parte Young does not include an analysis of the merits of the claim." Therefore, in order to determine whether a suit complies with the requirements of *Ex parte Young*, the "court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"

*Williams On Behalf of J.E. v. Reeves*, No. 19-60069, 2020 WL 1638411, at *5 (5th Cir. Apr. 2, 2020) (internal citations omitted).

The majority, if not all, of these elements of an *Ex Parte Young* action are missing in this case. While Plaintiffs' claims may be construed as being against state officers acting in their official capacities, Plaintiffs do not seek prospective relief to redress ongoing conduct, as all claims appear to be based on past conduct; Plaintiffs have alleged no ongoing violation of a federal law, and Plaintiff does not seek either declaratory or injunctive relief. For all of these reasons, the *Ex Parte Young* exception to sovereign immunity does not apply in this case.

### 3. State law claims

Plaintiffs also pled state law claims—negligent hiring and supervision and intentional infliction of emotional distress. The Board claims sovereign immunity as to these claims as well. In the Amended Complaint, Plaintiffs assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a),[8] but Plaintiff does not address the Board's sovereign immunity argument.

---

[8] [149] at 4.

The Supreme Court held in *Raygor v. Regents of the University of Minnesota* that federal courts cannot exercise supplemental jurisdiction over state law claims being pursued by private citizens against non-consenting State entities. 534 U.S. 533, 541-542 (2002). As such, the Board cannot be sued in federal court for state law claims without their consent. The Court finds the Board has not consented to such a suit, nor has it waived its immunities. While the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-5, contains a general waiver of Mississippi's sovereign immunity, that waiver is limited to actions brought in the *state* courts of Mississippi. The statute specifically provides, "Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code. Ann. §11-46-5(4).

The *Raygor* holding was followed in *Boroujerdi v. Mississippi State University*, No. 100CV253, 2002 WL 31992185 (N.D. Miss. Oct.28, 2002), when the district court held that because defendants had not consented to have plaintiff's state law claims brought in federal court, the court could not exercise supplemental jurisdiction over the state law claims. *Id.* at *3. Therefore, this Court finds that Plaintiffs have failed to meet its burden to establish jurisdiction over the state law claims. Accordingly, the Court dismisses Plaintiffs state law claims for lack of jurisdiction.

## III. CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the Mississippi State Board of Medical Licensure's Motion to Dismiss is GRANTED. Plaintiffs' claims against the Mississippi

State Board of Medical Licensure are dismissed with prejudice. The Mississippi State Board of Medical Licensure shall be terminated as a Defendant in this matter.

SO ORDERED AND ADJUDGED this 15th day of April 2020.

        /s/ Keith Starrett_____
        KEITH STARRETT
        UNITED STATES DISTRICT JUDGE