IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE,** *et al*                                                                          **PLAINTIFF**

**v.**                                                                **CAUSE NO. 2:19-cv-00063-KS-JCG**

**DR. MICHAEL ZALESKI,** *et al*                                                      **DEFENDANTS**

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on the Motion to Compel Discovery [158], filed by Defendants Dr. Michael Zaleski and Total Foot Care. Plaintiffs Angela Tate, Hope Landing, Darshaun Young, and Dena Myers (Plaintiffs) have responded to the Motion, and Defendants have filed a rebuttal.[1] Having considered the parties' submissions [158] [176] [177] [178], the record, and applicable law, the Court finds that Defendants' Motion to Compel should be granted.

Plaintiffs are compelled to allow a qualified, neutral expert to search their personal cell phones for communications responsive to Defendants' requests for production. Plaintiffs are compelled to produce their Facebook records using the instructions given by Defendants in Defendants' Request for Production No. 5.

BACKGROUND

Plaintiffs Angela Tate, Hope Landing, Darshaun Young, and Dena Myers are all former employees of Total Foot Care, who worked directly with Dr. Michael Zaleski at Total Foot Care at varying times. Plaintiffs complain of multiple

---

[1] Intervening Plaintiff Emily N. Hitchcock is not a subject of the Motion and is not included in the term "Plaintiffs" as used in this Order.

incidents of alleged sexual harassment in the workplace. Plaintiffs filed their Complaint on January 2, 2019, bringing claims for sexual harassment and retaliation under Title VII, a 42 U.S.C. § 1981 claim for retaliation, and state law claims of negligent hiring and supervision and intentional infliction of emotional distress.[2]

On September 24, 2019, Defendants served Plaintiffs with interrogatories and requests for production of documents. Defendants requested "all communications between you and any named Plaintiff regarding Zaleski," "all communications between you and any non-attorney third party regarding Zaleski from 2018 to present," "all Facebook records from January 2018 to present" and "all documents and communications in your possession or control regarding Zaleski." [158-3] at 13-14. The discovery requests provided that if responsive information, including that stored on computers, was no longer in Plaintiffs' possession, custody, or control, Plaintiffs were to "identify what disposition was made of the document, its present location, and its present custodian." *Id.* at 4.

In response to Defendants' requests, Plaintiffs produced screenshots taken from a cell phone. Defendants argue that the screenshots are inadequate because information is missing from the screenshotted communications such as the dates and times of the communications and the identities and contact information of all

---

[2] Hitchcock intervened as a plaintiff on August 20, 2019, bringing claims of sexual harassment, retaliation, and constructive discharge under Title VII and state law claims of various forms of negligence, as well as intentional infliction of emotional distress.

participants. Defendants requested that Plaintiffs supplement their production and provide the communications in an electronic format. Plaintiffs have repeatedly refused to do so, insisting that they have complied with their discovery obligations and produced all relevant communications.

Defendants now ask the Court to compel Plaintiffs to produce their personal cell phones to allow a computer forensics expert to search for and download all communications responsive to Defendants' discovery requests.[3] Plaintiffs maintain that allowing an examination of their personal cell phones is a violation of their privacy, "right to be free from unwarranted search and seizures", and "constitutional rights of freedom of speech about their employers or others[.]" [177] at 5. Defendants also ask the Court to compel Plaintiffs to produce their Facebook records.

A. <u>Tate</u>

Tate produced the following screen shot of a group message where this case is discussed among at least three Plaintiffs:

---

[3] Hitchcock allowed an examination of her personal cell phone and is not a subject of Defendants' Motion to Compel.



**Emily Work**

I'm so lost but omw to speak with my attorney now

> We are talking about those nurses surveys that he made everyone sign after he found out about the lawsuit stating that TFC is a good work environment and he's a good doctor, and everyone that gave him the answer he wanted got a raise. There's one in our documents with your signature but we know that he pressured everyone to sign those

**Emily Work**

You signed or delt with the consequences and it was never honest or confidential there were several times that stuff was signed in front of him

This message is cutoff, the fourth participant is not discernable, and the date and time of the message is not shown. At her deposition, Tate could not recall the date of the group message or the fourth participant. [158] at 3-4. Tate testified at her deposition that she still had the same personal cell phone, she had not deleted the group message, and she had other messages on her phone regarding Zaleski. [158-6] at 3, 5. Defense counsel asked Tate to produce the messages in their entirety and propounded a request under Rule 34 of the Federal Rules of Civil Procedure seeking a forensic examination of Tate's personal cell phone for review and download.

In response to Defendants' Motion to Compel, none of the three known Plaintiffs who participated in the group message produced the complete message. Instead, they submitted Declarations maintaining that their productions are complete. Tate's states:

> I have been deposed by Defendants in this case and stipulate that the portion of my deposition page 4, line 1, I answered yes to the question if I have deleted messages from over a year ago regarding this matter. Moreover, I was asked do I know what the text message that was documented before me was. My response on e line 2, says I don't. I'm assuming it had something to do with the comment, but no.

[176-6] at 5.

   B. <u>Landing</u>

Landing produced the following screenshot:



[158-4].

This message is cutoff. It is unclear whether the message is a text message or other type of message. The screenshot does not show whom Landing is communicating with or when. Defense counsel asked Landing's counsel to produce the communication in its entirety and propounded a request under Rule 34 of the Federal Rules of Civil Procedure seeking a forensic examination of Landing's personal cell phone for review and download. In response to Defendants' Motion to Compel, Landing submitted a Declaration which states:

> I have been deposed by Defendants in this case and stipulate that the portion of my deposition if I have deleted messages from my phone and the answer was and is yes. I further declare that since my deposition, I have given all the messages in custody, as requested, and there are no further messages, emails, texts, nor social media, in my possession.

[176-6] at 8.

In their Reply, Defendants point out that this portion of Landing's Declaration is undisputedly false because Landing has not been deposed. Defendants argue that Landing's false statement is "evidence that these Plaintiffs will sign whatever is placed in front of them in furtherance of their claims." [178] at 3. In an email that is not part of the docket, Landing's counsel acknowledged that Landing has not been deposed. Landing's counsel has offered no explanation regarding why Landing's Declaration contains a false statement, nor has counsel acted to withdraw or correct Landing's false statement.

C. Young

Young testified at her deposition that she previously had messages on her personal cell phone from Zaleski, as well as messages between Plaintiffs, but she

deleted them. [158-7] at 3. Defendants' counsel told Young at her deposition to "hold onto that phone because we're going to request to have it examined because old messages can still be pulled off." *Id.* Defendants propounded a request under Rule 34 of the Federal Rules of Civil Procedure seeking Young's personal cell phone for forensic examination and download. In response to Defendants' Motion to Compel, Young submitted a Declaration which states:

> I have been deposed by Defendants in this case and stipulate that the portion of my deposition if I have deleted messages from my phone and the answer was and is yes. I further declare that since my deposition, I have given all the messages in my custody as requested and there are no further messages, emails, text, nor social media, in my possession.

[176-6, at 1-2].

   D. <u>Myers</u>

Before her deposition, Myers produced screenshots of some text messages that were written *after* Myers left Total Foot Care. [176-4] at 2. Myers was asked at her deposition whether she had ever, *while working* at Total Foot Care, texted, emailed, or corresponded with anybody about any of the issues raised in this lawsuit. *Id.* Myers answered "yes." *Id.* Myers testified that she was not sure whether she still had the messages from the time she worked at Total Foot Care. *Id.* Myers did produce more messages following her deposition. In response to Defendant's Motion to Compel, Myers submitted a Declaration which states:

> I have been deposed by Defendants in this case and stipulate that the portion of my deposition if I have deleted messages from my phone and the answer was and is yes. I further declare that since my deposition, I have given all the messages in my custody as requested and there are no further messages, emails, text, nor social media, in my possession.

[176-6, at 1-2]

   E.  <u>Tate, Landing, Young, and Myers</u>

Defendants asked each Plaintiff to produce relevant communications from her individual cell phone(s). Defendants argue that Plaintiffs' counsel produced the same set of text messages for each Plaintiff, albeit staggered to appear to be four individual productions. [158-8] [158-9] [158-10] [158-11]. Plaintiffs' counsel has not responded to Defendants' allegation that she produced the same set of text messages for each of the four Plaintiffs.

During the deposition of Zaleski, Plaintiffs' counsel belatedly produced screenshots of two relevant text messages, but she did not know who all participants in the message included. [158-12, 158-13]. The screenshots do not indicate the date and time the texts were sent. Defendants urge that if Plaintiffs cannot ascertain who their messages are between in the format presented by Plaintiffs, how can Defendants? [158] at 6. Plaintiffs have not responded to this question.

## DISCUSSION

   A.  <u>Law</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the limits of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 34 treats discovery of electronically stored information in the same manner as it treats discovery of paper documents. The party seeking documentary evidence, whether it be in paper or in electronic format, must make specific requests for the documents it wants to obtain that "describe with reasonable particularity each items or category of items to be inspected" as required by Rule 34(b)(1)(A). Then, the party to whom the requests are made has the obligation to search for and produce the documents that are responsive and not subject to objection. "If a request does not specify a form for producing electronically stored information, a party must produce it "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).

Because cell phones and other electronic means of storing information present a greater risk of invasion of privacy, courts are cautioned to guard against undue intrusiveness. The Official Advisory Committee Notes to the 2006 Amendments to Rule 34 Subdivision (a) state in relevant part:

> Rule 34(a)(1) is also amended to make clear that parties may request an opportunity to test or sample materials sought under the rule in addition to inspecting and copying them. That opportunity may be important for both electronically stored information and hard-copy materials. The current rule is not clear that such testing or sampling is authorized; the amendment expressly permits it. As with any other form of discovery, issues of burden and intrusiveness raised by requests to test or sample can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically stored information

> or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Fed. R. Civ. P. 34 Advisory Comm. Notes to 2006 Amendment.

Federal Rule of Civil Procedure 37(e) applies to electronically stored information and provides:

> (e) If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). *See Timms v. LZM, L.L.C.*, 657 F. App'x 228, 230 (5th Cir. 2016) (affirming district court's imposition of sanctions where plaintiff deleted relevant cell phone messages); *Stewart v. Belhaven Univ.*, No. 3:16-CV-744-CWR-LRA, 2017 WL 3995989, at *3 (S.D. Miss. Sept. 8, 2017), aff'd in part, 717 F. App'x 497 (5th Cir. 2018) (imposing monetary sanctions against plaintiff and counsel "in

partial recompense for the time defense counsel had to spend on this broken-phone charade.").

B. <u>Analysis</u>

As an initial matter, the Court addresses Plaintiffs' argument that the examination of their personal cell phones is prohibited by the First and Fourth Amendments to the United States Constitution. Plaintiffs have failed to support these arguments. Defendants are not government actors. This is not a criminal case. Plaintiffs voluntarily chose to bring this civil suit. By doing so, Plaintiffs voluntarily subjected themselves to the civil-case obligation to produce documents to the other side (i.e., discovery). If one party to a civil case has nonprivileged documents in his or her possession, such as documents on his or her phone, that are relevant to any party's claims or defenses and proportional to the needs of the case, the party must produce them to the other side. Those are simply the generally applicable civil procedure rules that govern all civil cases in federal court

Defendants' requests for communications are limited in both time and subject matter. Defendants requested "all communications between you and any named Plaintiff regarding Zaleski," "all communications between you and any non-attorney third party regarding Zaleski from 2018 to present," and "all documents and communications in your possession or control regarding Zaleski." [158-3] at 13-14. Plaintiffs' claims make this targeted discovery relevant and proportional to the needs of the case. The communications Defendants request give context regarding

11

the parties' relationships and interactions, both of which are at the center of this litigation.

Defendants did not make an unduly burdensome request by asking for communications to be produced completely and under a reliable protocol. There are numerous applications and programs that save or extract messages from a cell phone and download them into a pdf or other format which shows dates, times, and participants. Plaintiffs have presented no convincing excuse for not producing complete documents. They have not met their discovery obligation to produce electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]" Fed. R. Civ. P. 34(b)(2)(E)(ii).

The Federal Rules of Civil Procedure and this Court's Case Management Order [62] impose a duty on parties to preserve electronically stored information. Deletion or destruction of relevant documents — even if accidental or inadvertent — subjects a litigant to sanctions. In response to Defendants' Motion to Compel, Plaintiffs have offered Declarations that raise the question of whether Plaintiffs have failed to preserve electronically stored information in violation of the Case Management Order and Federal Rules of Civil Procedure.

Plaintiffs have not communicated clearly and forthrightly with Defendants or the Court regarding what exactly happened to the communications on Plaintiffs' cell phones, when, and why. Landing nor her counsel have attempted to explain why Landing made a Declaration swearing to a deposition that never occurred.

Defendants have offered more than surmise and conjecture that Plaintiffs' discovery production is unreliable and incomplete.

The Court balances Defendants' need for relevant communications that still may be retrievable from Plaintiffs' personal cell phones against Plaintiffs' privacy interests and finds that Defendants' need outweighs Plaintiffs' privacy interests. Plaintiffs' privacy concerns can be mitigated, while Plaintiffs cannot file suit and then prevent discovery that is targeted at the central subject matter of the suit.

A qualified neutral expert in the Hattiesburg area will retrieve and download responsive communications from Plaintiffs' personal cell phones within narrowly tailored search parameters. Defendants will not have direct access to Plaintiffs' personal cell phones. Defendants nor defense counsel will ever inspect or otherwise handle Plaintiffs' personal cell phones. The expert will maintain a chain of custody log. The parties shall treat the results of the expert's search as confidential and for the purposes of this litigation only. The Court trusts the parties to confer in good faith and agree on a qualified neutral expert within seven days of this Order.

Within fourteen days of this Order, Plaintiffs shall give their phones to the expert who will search their phones for "all communications between you and any named Plaintiff regarding Zaleski," "all communications between you and any non-attorney third party regarding Zaleski from 2018 to present," and "all documents and communications in your possession or control regarding Zaleski." [158-3] at 13-14. Search criteria will be crafted that limits the scope of the search to this electronically stored information. If deleted communications are located within the

search parameters, the expert will report the date the communication was created, the name and phone number of the participants in the communication, and the date that the communication was deleted. The expert will also determine if external data storage locations exist for deleted data within the search parameters.

    The expert will Bates-label the results of his or her search and produce them to Plaintiffs' counsel who will have seven days to review the production for any material that Plaintiffs deem privileged. Plaintiffs' counsel must then provide the expert's search results to Defendants' counsel, along with a privilege log for any documents withheld. Any claim of privilege not made within seven days of Plaintiffs' counsel receiving the expert's search results shall be deemed as waived by Plaintiffs. If Plaintiffs' counsel does not timely produce the expert's search results to Defendants' counsel, along with a privilege log for any withheld documents, the expert may provide his or her search results directly to Defendants' counsel.

    As for Plaintiffs' Facebook records, Plaintiffs waived objection to Defendants' request for "Facebook records from January 2018 to present" by not asserting a timely objection. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). In their Rule 34(b) responses, Plaintiffs did not object to producing their Facebook records in the manner requested by Defendants. Plaintiffs only stated, "NONE AT THIS TIME."

Plaintiffs maintain that they have produced all social media records. Defendants argue that this position is not plausible because three Plaintiffs testified at their depositions that they have Facebook accounts, yet none have produced Facebook records in the manner requested. Plaintiffs are compelled to produce their Facebook records using the following directions provided by Defendants in request for production No. 5:

> You may download and print your Facebook data by logging onto your Facebook account, selecting "Account Settings" under the "Account" tab on your homepage, clicking on the "learn more" link beside the "Download Your Information" tab, and following the directions on the "Download Your Information" page.

*Id.*

Plaintiffs' Facebook records must be produced within seven days of the date of this Order.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Compel [158] is **GRANTED**.

**IT IS, FURTHER, ORDERED** that within seven days of this Order, Plaintiffs' counsel shall file on the docket a written response and show cause why sanctions should not be imposed due to Landing's statements in her sworn Declaration attesting to a deposition that never occurred.

**SO ORDERED** this 19th day of June, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE