# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ANGELA TATE, ET AL.                                                        PLAINTIFFS

v.                                                CIVIL ACTION NO. 2:19-cv-63-TBM-MTP

DR. MICHAEL ZALESKI, ET AL.                                                DEFENDANTS

## ORDER ON MOTIONS

This matter came before the Court on Defendants' Motion in Limine [268] and Motion to Sever [273] on June 15, 2021. Also before the Court are Defendants' Motions for Summary Judgment [230], [234], [236], and [238] on the remaining claims of retaliation and negligent hiring and supervision, which were taken under advisement by the Court on May 6, 2021. At the hearing conducted in this matter on June 15, 2021, the Court, having considered the pleadings, the record, the oral arguments of counsel, and the relevant legal authority, announced on the record its detailed findings and conclusions concerning each motion ruled upon.

The Court concluded that the Defendants' Motion in Limine is GRANTED in part and DENIED in part:

Defendants' Request # 1 is granted in part and denied in part. Evidence of the 2012/2013 investigation by the MS State Board of Medicine is excluded, under Federal Rules of Evidence 402 and 403, to the extent it concerns Defendant Zaleski's alleged alcohol abuse. Evidence of the 2012/2013 investigation by the MS State Board of Medicine is not excluded, at this time, to the extent that it concerns behavior by the Defendant—not pertaining to alleged alcohol abuse—but that does pertain to the Plaintiffs' claims.

Defendants' Request # 2 is denied without prejudice: Defendants seek exclusion of documents not produced in discovery, but Defendants have provided no identifiable documents for exclusion. Defendants' Request # 3 is denied without prejudice: Defendants seek exclusion of unproduced documents that would be inadmissible hearsay, but the Defendants have provided no identifiable documents for exclusion. Defendants' Request # 4 is denied without prejudice: Defendants seek exclusion of evidence of settlement/mediation discussions, but the Defendant have provided no identifiable evidence for exclusion. Defendants' Request # 5 is denied without prejudice: Defendants seek exclusion of undisclosed evidence, but the Defendants have provided no identifiable evidence for exclusion.

Defendants' Request # 6 is granted: Evidence concerning the *current* status of Dr. Zaleski's medical license is excluded under Federal Rules of Evidence 402 and 403. Defendants' Request # 7 is granted without prejudice: Evidence concerning the referenced medical malpractice lawsuit and "domestic incident" concerning Dr. Zaleski is excluded under Federal Rules of Evidence 402, 403, and 404. Defendants' Request # 8 is granted without prejudice: Evidence concerning prior convictions/arrests of Defendants is excluded under Federal Rules of Evidence 402, 403, and 404.

The Court further concluded that Defendants' Motion to Sever is DENIED. *See Alaniz v. Zamora-Quezeda*, 591 F.3d 761 (5th Cir. 2009); *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1325–26 (11th Cir. 2000); *Jones v. Wal-Mart Stores, Inc.,* 2006 WL 8441384 (E.D. Tex. Feb. 6, 2006); *Wagoneka v. KT&G USA Corp*, 4:18-cv-859-ALM-KPJ, 2019 WL 4052484 (E.D. Tex. Aug. 8, 2019). The Court also concluded that Defendants' Motions for Summary Judgment on Plaintiffs' claims of negligent hiring and supervision are GRANTED, and these claims are dismissed. Finally, the Court concluded that Defendants' Motions for Summary Judgment on Plaintiffs' claims of

retaliation are GRANTED as to Plaintiffs Tate, Myers, and Landing and DENIED as to Plaintiff Young.

IT IS THEREFORE, ORDERED AND ADJUDGED that, for the reasons stated on the record at the hearing held on June 15, 2021, the Defendants' Motion in Limine [268] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Defendants' Motion to Sever [273] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' claims of negligent hiring and supervision are DISMISSED.

IT IS FURTHER ORDERED that the retaliation claims of Plaintiffs Angela Tate, Dena Myers, and Hope Landing are DISMISSED, while Plaintiff Darshaun Young's retaliation claim remains.

THIS, the 18th day of June, 2021.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE