IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE, ET AL.**                                                                                                  **PLAINTIFFS**

**v.**                                                                           **CIVIL ACTION NO. 2:19-cv-63-TBM-MTP**

**DR. MICHAEL ZALESKI, ET AL.**                                                                              **DEFENDANTS**

**ORDER GRANTING DEFENDANTS'
SECOND MOTION IN LIMINE**

In this employment discrimination case, Plaintiffs claim that Dr. Zaleski sexually harassed them in the workplace. At a telephonic status conference on July 6, 2021, the parties discussed outstanding issues. The Court subsequently issued a scheduling order for Defendants' Second Motion in Limine, to address two remaining issues. At the pretrial conference in this matter, on August 25, 2021,[1] Defendants raised an additional issue with regard to an unavailable witness. For the following reasons, Defendants' Second Motion [280] in Limine is granted.

**I.     STANDARD**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Thompson v. Hamp*, 3:14-cv-00274, 2017 WL 1393589, at *1 (N. D. Miss. Apr. 18, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, No.

---

[1] At the hearing on the first Motion in Limine [268] on June 15, 2021, the Court ruled that "Evidence of the 2012/2013 investigation by the MS State Board of Medicine is not excluded, at this time, to the extent that it concerns behavior by the Defendant—not pertaining to alleged alcohol abuse—but that does pertain to the Plaintiffs' claims." [279] at 1. At the pretrial conference, Plaintiffs' counsel mentioned an incident involving an alleged violent act against a member of a protected class that was raised in the 2012/2013 investigation. This matter was not raised in the Second Motion in Limine, nor was it fully-argued at the pretrial conference. Similarly, at the pretrial conference there was a brief discussion of a twenty-year old medical malpractice case, but whether evidence of this matter should be excluded was not argued or briefed by the parties. Any issues related to this evidence may be raised prior to trial.

3:13-cv-0129-DMB-SAA, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)). As stated by the Fifth Circuit,

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). "Significant here, an order granting a motion in limine does not preclude the party sponsoring the evidence from revisiting the issue at trial. But that party must raise the issue outside the jury's presence." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *United States v. Beasley*, No. 3:20-cr-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

## II.   ANALYSIS

In their motion, the Defendants ask the Court to prohibit the Plaintiffs from calling Ms. Gloria Carter as a witness at trial, since she was not previously identified or disclosed. And Defendants request that any evidence pertaining to a prior arrest or conviction of Dr. Zaleski be excluded. At the pretrial conference in this matter, on August 25, 2021, Defendants also objected to allowing Dr. Clifford Peele's sworn affidavit to replace trial testimony. Since Dr. Peele is now deceased, he is unavailable to testify at trial.

### A. Plaintiffs are prohibited from calling Ms. Gloria Carter as a witness at trial.

After the status conference on July 6, 2021, the Court entered an order setting up a briefing schedule for a second Motion in Limine on the remaining issues. Defendants seek to exclude the testimony of Ms. Gloria Carter at trial on the basis that she was not disclosed as a potential witness during discovery. The Plaintiffs were advised in July that they needed to let the Court know prior

to the pretrial conference whether Ms. Gloria Carter had been made available for deposition and what dates Ms. Gloria Carter had been made available to be deposed.

In their response to Defendants' Second Motion in Limine, Plaintiffs did not address these issues, except to state that Ms. Carter should not be excluded because Dr. Zaleski did not need the chance to depose her as he can ask his questions of her on the stand, at trial.

Defendants assert that Plaintiffs' failure to disclose Ms. Carter will result in prejudice "because they have not been able to depose or conduct any discovery regarding any information that Ms. Carter alleges to possess." [280] at 2.  Since the trial date is approaching and the trial has already been continued previously because of COVID-19 issues, Defendants assert that prejudice cannot be cured with another continuance.  *Id*.

> Under Rule 37(c) of the Federal Rules of Civil Procedure:
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37.  As the record shows, Ms. Carter was not timely identified as a potential witness in the case during discovery.  Nor was she made available for deposition prior to the pretrial conference in this matter on August 25, 2021.  And the Plaintiffs have not sufficiently described Ms. Carter's testimony.

When determining whether Ms. Carter should be excluded as a witness for the Plaintiffs' failure to comply with Federal Rule of Civil Procedure 26, the Court considers the following four factors: (1) the importance of the witness' testimony; (2) the prejudice to the opposing party if the

Court allows the testimony; (3) the possibility of curing the prejudice with a continuance; and (4) the explanation for the failure to comply with the discovery rules. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F. 3d 546, 572 (5th Cir. 1996) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

In reviewing the first factor, the Court finds that the Plaintiffs have failed to address the importance of Ms. Carter's testimony to this case. In fact, Plaintiffs have not sufficiently identified to the Court or to the Defendants the nature and substance of Ms. Carter's testimony and the relevance of that testimony to this case. In their response, Plaintiffs refer to the status of a medical malpractice suit against Dr. Zaleski. But the Plaintiffs fail to show the importance or relevance of an unrelated medical malpractice case in this sexual discrimination case.

The second factor also weighs against the Plaintiffs. The Defendants have shown that Plaintiffs' failure to disclose this witness and information about her testimony would result in unfair prejudice to them if Ms. Carter is allowed to testify at trial. In their motion and during oral argument at the pretrial conference, Defendants stated that they would be prejudiced by Ms. Carter's testimony because "they have not been able to depose or conduct any discovery regarding any information that Ms. Carter alleges to possess." [280] at 2.

Also weighing against the Plaintiffs is the third factor, as the Court declines to continue this case less than a month prior to trial to reopen discovery. There is no time to cure this prejudice since the pretrial conference in this matter has already been held and trial is set for January 10, 2022. Notably, Plaintiffs were aware of Defendants' objections to Ms. Carter in early July, when the Court advised them to provide information about Ms. Carter's availability to be deposed. Plaintiffs did not provide that information prior to the pretrial conference. Also, Plaintiffs have

4

not indicated they are willing to make Ms. Carter available for deposition; nor have disclosures or discovery responses been sufficiently supplemented. The prejudice to Defendants cannot be cured at this date. *See Walker v. Target Corp.*, 2:16-cv-42-KS-MTP, 2017 WL 2903253, at *6 (S.D. Miss. July 6, 2017) (granting motion to exclude affidavit testimony of witness who was not properly disclosed and prejudice could not be cured due to impending trial).

Finally, in reviewing the fourth factor, the Court finds that the Plaintiffs have not offered any explanation for their failure to comply with the Rule 26 disclosure requirement. Instead, Plaintiffs state that the Defendants cannot complain of not having the chance to depose or subpoena Ms. Carter, as they will have the opportunity to question her at trial. Thus, this factor also weighs against allowing Ms. Carter to testify. *See Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 375 (5th Cir. 2004) (citing *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993) (explaining that Rule 26 is "properly invoked to bar evidence when a party fails to make a required supplemental disclosure")).

Because all four factors weigh against allowing Ms. Carter's testimony, the Court concludes that the failure to comply with the Rule 26 disclosure requirement is not "substantially justified or harmless." For these reasons, the Court grants Defendants' Second Motion in Limine to exclude Ms. Carter as a witness at trial.

**B. Evidence of prior convictions and/or arrests of Dr. Zaleski should be excluded at trial.**

Defendants seek to exclude at trial any mention of prior arrests or convictions of Dr. Zaleski in the state of Florida. Specifically, Defendants seek to exclude evidence of Dr. Zaleski's arrest on July 25, 2020, in Florida for an alleged domestic violence incident. Defendants assert that this domestic violence allegation— which occurred after the incidents here and for which there was no

5

conviction— offers no probative value in this sexual harassment case. Furthermore, Defendants argue, the introduction of this type of evidence is substantially outweighed by the danger of unfair prejudice to Dr. Zaleski.

Under Federal Rule of Evidence 403, the Court has the authority to exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 404(b) provides that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "this evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b).

While Rule 404(b) does include "permitted use[s]," the Court finds that none of those uses are applicable to this case. The Plaintiffs have not shown that evidence of a domestic violence allegation—which occurred after the incidents here—is relevant to Defendants' "motive, opportunity, intent, preparation, plan . . ." in this sexual discrimination case. *See Seibert v. Jackson County, Miss.*, 1:14-cv-188-KS-MTP, 2015 WL 5125222, at *3 (Sept. 1, 2015 S.D. Miss.) (finding that evidence of prior conviction of intimidating officers was inadmissible under 404(b)(2) to prove that sheriff intimated plaintiff in sexual harassment case).

The Court further finds that this evidence is excluded under a Rule 403 analysis, as any relevance of the evidence relating to the arrest of Dr. Zaleski is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See Bishop Ins. Agency LLC v. Bishop Ins. Serv. PLLC*, Civ. No. 1:18-cv-350-HSO-JCG, 2020 WL 11191746, at *2 (S.D.

Miss. July 29, 2020) (excluding evidence of plaintiff's DUI-related criminal arrests because reference to this evidence did not go to "proving motive, opportunity [or] intent" and, even if it were otherwise admissible, any probative value is substantially outweighed by the "dangers of unfair prejudice, confusing the issues, and misleading the jury").

### C. Defendants' motion to exclude Dr. Peele's affidavit testimony is granted.

At the pretrial conference in this matter, the parties raised the issue of whether the Court should allow a sworn affidavit at trial in place of a deceased witness. The affidavit at issue—that of Dr. Clifton Peele—was not produced during discovery. Rather, it was attached to Plaintiffs' Responses to Defendants' Motions for Summary Judgment. According to the parties, Dr. Peele passed away soon after the submission of the affidavit. Defendants seek to exclude his affidavit at trial because it is inadmissible hearsay.

Dr. Peele's affidavit is inadmissible hearsay unless an exception applies. FED. R. CIV. P. 802. The Plaintiffs —the parties seeking to introduce the evidence—bear the burden of showing that a hearsay exception applies. *See United States v. Fernandez-Roque*, 703 F.2d 808, 712 (5th Cir. 1983) (holding that the proponent of hearsay evidence has the burden of proving an applicable exception); *Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742-43 (N.D. Miss. 2015) (holding that once a party objects to evidence as inadmissible hearsay, the burden shifts to the proponent to show that the evidence falls within an exception). The Plaintiffs fail to cite any authority supporting their position that the affidavit of an unavailable witness is an exception to the general rule against hearsay. While Rule 804(b)(1)(A) provides a hearsay exception for testimony that "was given as a witness at a trial, hearing, or lawful deposition," that rule does not apply to affidavits. *See Sommerfield v. City of Chicago*, Case No. 08-cv-3025, 2014 WL 12802520, at *1 (N.D.

Ill. July 8, 2014) (excluding the affidavit of an unavailable witness from trial as inadmissible hearsay).

The Court finds that Defendants' motion to exclude the affidavit of Dr. Clifton Peele is granted.

### III. CONCLUSION

IT IS THEREFORE, ORDERED AND ADJUDGED that Defendants' Second Motion [280] in Limine is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion to exclude the affidavit of Dr. Clifton Peele is GRANTED.

THIS, the 7th day of December, 2021.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE