IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE, ET. AL.**                                                               **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO. 2:19-cv-63-TBM-MTP**

**DR. MICHAEL ZALESKI, ET AL.**                                            **DEFENDANTS**

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiffs' Motion [285] for Reconsideration of this Court's Order [284] Granting Defendants' Second Motion [280] in Limine. To expedite this matter, the Court held a telephonic hearing on Plaintiffs' Motion on December 10, 2021. The Court, having considered the pleadings on file, briefs and oral arguments of the parties, and the relevant legal authorities, finds that the Plaintiffs' Motion should be denied.

**DISCUSSION**

**A. Legal Standard**

As a general rule, a request for reconsideration of an interlocutory order is properly treated as a motion for reconsideration under Federal Rule of Civil Procedure 54(b). *Hillie v. Williams*, No. 4:17-cv-69-DMB-DAS, 2018 WL 280531, at *1 (N.D. Miss. Jan. 3, 2018) (quoting *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007) ("Alpha's motion was improperly filed under [Rule] 59(e) because no final judgment has been entered. However, it is undisputed that the court has discretion to treat the motion as one for reconsideration under [Rule] 54(b).")).

The Court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Sivori v. Epps*, 2:07-cv-79-KS-MTP, 2008 WL 2509757,

at *1 (S.D. Miss. June 19, 2008) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).  Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *Id.* (quoting *McDonald v. Entergy Operations, Inc.*, No. 5:03-cv-241-BN, 2005 WL 1528611, at *1 (S.D. Miss. May 31, 2005)).  This court has "considerable discretion" in deciding whether to grant a motion for reconsideration.  *Sivori*, 2008 WL 2509757 at *1 (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).  However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

There are generally three grounds for which this Court may grant a motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or manifest injustice. *Sivori*, 2008 WL 2509757 at *1 (citing *W.C. Bulley v. Fidelity Financial Servs. of Miss., Inc.*, No. 3:00-cv-522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000)).  If one of these three is not present, the motion should ordinarily be denied. *Id.*  Plaintiffs' Motion implicates the third prong of this standard, namely an asserted need to correct a clear error of law or prevent a manifest injustice.

B. <u>Analysis</u>

Plaintiffs contend that the Court made a manifest error in its Order prohibiting evidence of Dr. Zaleski's arrest in Florida on July 24, 2020, for domestic violence related battery.  Plaintiffs assert that the law is contrary to the Court's ruling, and that manifest injustice will result if this evidence is not allowed at trial.

Defendants assert that evidence of this Florida arrest would result in unfair prejudice that substantially outweighs any probative value. Defendants further argue that the introduction of this evidence would confuse the jury and create the need for a trial within a trial, particularly since Dr. Zaleski was not convicted of any charges related to the arrest.

Plaintiffs argue that evidence related to Dr. Zaleski's domestic violence arrest is admissible because it provides proof that he had the motive, opportunity, and intent to "physically harm Plaintiffs when he threw files and racks at Plaintiffs as claimed in Plaintiffs' EEOC Complaints." [286] at 6.

The parties agree that evidence of the Florida arrest is not admissible under 404(b) to prove Dr. Zaleski's character or that "on a particular occasion [he] acted in accordance" with that character. FED. R. EVID. 404(b). The arrest may, however, be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident." *Id.* Any evidence that is admissible under Rule 404(b) must survive the balancing of competing considerations under Rule 403. *See United States v. Clark*, 582 F.3d 607, 616 (5th Cir. 2009) ("Evidence of prior bad acts is admissible if relevant for a rule 404(b) permissible purpose and not unduly prejudicial under rule 403 balancing").

As stated in the Order [284], while Rule 404(b) does include "permitted use[s]," none of those uses are applicable to this case. [284] at 6. Plaintiffs assert that evidence of this domestic violence allegation shows that "Dr. Zaleski had intended, [sic] motive, opportunity, as well as preparation plan and knowledge for each Plaintiff to be subdued to his sexual desires on a daily basis." [281] at 3. In their Motion, Plaintiffs list all of the permitted uses included in 404(b) in an attempt to show that Dr. Zaleski had the motive or intent to sexually harass or intimidate the

3

Plaintiffs. The Defendants are not disputing that Dr. Zaleski, by virtue of his position as Plaintiffs' employer, had the "opportunity" to sexually harass the Plaintiffs. The Court fails to see how evidence of Dr. Zaleski's domestic violence allegation—by a former girlfriend and for which there was no conviction—shows that he had a plan or intent to sexually harass or intimidate his female employees. Similarly, the Court does not find that evidence of this arrest, which occurred after the incidents at issue, supports a showing of motive to sexually harass or intimidate these particular Plaintiffs.

Even if there was a permitted use for this type of evidence under Rule 404(b), which this Court finds there is not, it must survive the balancing of competing considerations under Rule 403. As stated in its Order, the Court finds that this evidence is excluded under a Rule 403 analysis, as any relevance of a subsequent domestic violence arrest is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. [284] at 6. *See Bishop Ins. Agency LLC v. Bishop Ins. Serv. PLLC*, 1:18-cv-350-HSO-JCG, 2020 WL 11191746, at *2 (S.D. Miss. July 29, 2020) (excluding evidence of plaintiff's DUI-related criminal arrests because reference to this evidence did not go to "proving motive, opportunity [or] intent" and, even if it were otherwise admissible, any probative value is substantially outweighed by the "dangers of unfair prejudice, confusing the issues, and misleading the jury"); *Riggs v. Cory*, No. 09-cv-1105-EFM, 2013 WL 4836813, at *2 (D. Kan. Sept. 10, 2013) (excluding evidence of plaintiff's prior arrests and encounters with police in excessive force case because such evidence gives rise to the propensity inference Rule 404(b) intends to exclude and any probative value of such evidence is "substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and needlessly presenting cumulative evidence); *State v. Gunderson*, 337 P.3d 1090, 1093-94 (Wash.

2014) (finding trial court erred in allowing prior acts of domestic violence where probative value of the evidence was substantially outweighed by its prejudicial effect).

As stated by Defendants in their Second Motion in Limine, the admission of this extrinsic evidence could unduly prejudice a jury against Dr. Zaleski. [280] at 3-4.  Evidence of a subsequent, unrelated domestic violence allegation could incline a jury to "punish Dr. Zaleski for perceived transgressions." *Id.  See Marks v. Smith*, Civ. Act. No. 15-5454, 2017 WL 2258640, at *3 (E.D. La. May 19, 2017) (excluding evidence of plaintiff's prior arrests and convictions as the probative value was substantially outweighed by danger of unfair prejudice); *Aponte v. Kanbur*, 2021 WL 3854069, at *2 (2nd Cir. 2021) (excluding evidence of officer's alleged domestic abuse arrest in excessive force case against him); *Monroe v. Griffin*, Case No. 14-cv-00795-WHO, 2015 WL 5258115, at *4 (N.D. Cal. Sept. 9, 2015) (holding that evidence of plaintiff's prior domestic violence conviction was not admissible to show motive and bias against defendant police officers).

In addition to the unfair prejudice to Dr. Zaleski, the admission of this evidence would lead to confusing the issues and misleading the jury.  The domestic violence allegation at issue occurred in the State of Florida, after the events here.  Allowing this evidence would require the Court to hold a trial within a trial, which would require Dr. Zaleski to defend himself in an unrelated matter in addition to confusing the issues for the jury.  *See Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, Civ. Act. No. 13-0366, 2016 WL 9414348, at *4 (E.D. La. May 13, 2016) (citing *In re: Deepwater Horizon*, No. 10-2179, 2012 WL 413860, at *3 (E.D. La. Feb. 9, 2012) (stating that allowing evidence of previous, unrelated incidents presents danger of a "trial within a trial" by requiring defendant to bring in extensive evidence to establish that the prior incident lacks probative value)); *Perry v. State*, 956 N.E. 2d 41, 60  (Ind. Ct. App. 2011) (finding trial court erred

by allowing evidence of prior arrests for domestic disturbance which consisted only of charges and no additional proof that the act was committed).

Finally, Plaintiffs have not cited any cases where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims. Instead, Plaintiffs cite cases where the trial court allowed extrinsic evidence under Rule 404(b) after considering similarities between the extrinsic act and offenses charged. *See United States v. Adair*, 436 F.3d 520, 526-27 (5th Cir. 2006) (allowing testimony of defendant's previous involvement with a similar scheme in a prosecution for conspiracy to commit money laundering); *United States v. Juarez*, 866 F.3d 622 (5th Cir. 2017) (allowing evidence of defendant's prior involvement in uncharged drug trafficking conspiracy in current drug trafficking conspiracy after weighing the government's need for the extrinsic evidence, the similarity between the extrinsic and charged offenses, and the amount of time separating the offenses). These cases are distinguishable because, here, the domestic violence allegation is too unrelated to the Plaintiffs' claims.

Plaintiffs have alleged a hostile work environment claim and a state law claim for intentional infliction of emotional distress.[1] Plaintiffs have not brought a claim for assault. While Plaintiffs may attempt to put on proof at trial of Dr. Zaleski's alleged conduct concerning his physical interactions and alleged aggressive behavior towards Plaintiffs, such potential testimony does not mandate the admissibility of an arrest involving an incident with a different woman — that took place after the events in this case.

The Court declines to reconsider its exclusion of evidence of prior convictions or arrests of Dr. Zaleski. As it stated in its Order [284], the Court can revisit an issue raised in a motion in

---

[1] In addition to Plaintiffs' Title VII claims of sexual harassment and state law claims of intentional infliction of emotional distress, there is a retaliation claim by Plaintiff Young which will proceed to trial.

limine at trial. Depending on the testimony and evidence presented by Defendants at trial, there is the possibility that the prior arrest could be used for impeachment of a witness or for some other reason. *See Hansen v. Warren Cnty.*, 1:17-cv-01134-TWD, 2019 WL 5853392, at *5 (N.D. NY Nov. 8, 2019) (holding that the grant of a motion in limine to exclude evidence of a prior arrest was subject to reconsideration at trial for impeachment purposes). This is dependent on the Defendants' opening that door, however. Further— if during the course of trial, the Plaintiffs believe that the Defendants have opened that door— the Plaintiffs must request permission from the Court to address the arrest. This request must be made outside of the presence of the jury. [284] at 2.

The Court cannot say that its grant of Defendants' motion in limine to exclude prior arrests or convictions of Dr. Zaleski constituted manifest injustice or a clear error of law. Indeed, even under a de novo standard of review, reconsideration is not proper for the reasons that have been explained.

## C. The Court Does not Certify this Question for Interlocutory Appeal

The Plaintiffs requested expedited consideration of this matter so that they would have time to appeal the Court's decision prior to trial. But this issue does not present an appeal as a matter of right. The Court, instead, interprets Plaintiffs' request as a request for interlocutory appeal. To certify an interlocutory appeal under 28 U.S.C. § 1292(b), the district court must find that (1) the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3930 (3d. 2021) (citing 28 U.S.C. § 1292(b)). The purpose of Section 1292(b) is to allow an element of

flexibility in the "technical rules of appellate jurisdiction established for final-judgment appeals under § 1291 and for interlocutory appeals under § 1292(a)." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3930 (3d. 2021). "The disadvantages of immediate appeal increase with the probabilities that lengthy appellate consideration will be required, that the order will be affirmed, that continued district-court proceedings without appeal might moot the issue, that reversal would not substantially alter the course of district-court proceedings, or that the parties will not be relieved of any significant burden by reversal." *Id.*

The basic requirement for interlocutory appeal under § 1292(b) is that the district court makes the order with the three required findings. None of those are present here. First, the issue presented in this case is not a controlling legal issue. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). In *City of Memphis*, the Sixth Circuit stated:

> A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court. A ruling on the admissibility of evidence is reviewed for abuse of discretion. An allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b).

*In re City of Memphis*, 293 F.3d at 351 (internal citations omitted). Since the question here relates to the admissibility of evidence, it does not present a controlling legal issue. *See Pollock & Riley Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1246 (5th Cir. 1974) (finding appeal from pretrial ruling excluding evidence improper, as issue was not one involving a controlling question of law or that could possibly advance termination of litigation).

Second, while the Plaintiffs disagree with the Court's ruling, the Court does not find a substantial ground for difference of opinion. "Trial courts should not be bashful about refusing to

8

find substantial reason to question a ruling" when certification for interlocutory appeal is requested. *In re Pyramid Co. of Burlington*, 449 A.2d 915 (Vt. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3930 (3d. 2021)). "Little stock should be placed in the vehemence of disagreeing counsel." *Id*.

Finally, the resolution of the Plaintiffs' challenge to the Court's evidentiary ruling will not materially advance the ultimate termination of the litigation. "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (quoting *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)).

This matter is on this Court's trial calendar for January 10, 2022, and the parties are ready to proceed. Any request for interlocutory appeal is denied.

### CONCLUSION

After careful consideration of the instant Motion, oral arguments at the telephonic hearing on December 10, 2021, and the relevant legal authorities, the Court concludes that Plaintiffs' Motion for Reconsideration [285] is denied.

IT IS THEREFORE, ORDERED AND ADJUDGED that Plaintiffs' Motion [285] for Reconsideration is DENIED.

IT IS FURTHER ORDERED that to the extent Plaintiffs seek to certify a question for interlocutory appeal, Plaintiffs' request is DENIED.

THIS, the 14th day of December, 2021.

                                          TAYLOR B. McNEEL
                                          UNITED STATES DISTRICT JUDGE