IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE,** *et al*                                                                 **PLAINTIFF**

**v.**                                                        **CAUSE NO. 2:19-cv-00063-TM-RHWR**

**DR. MICHAEL ZALESKI,** *et al*                                               **DEFENDANTS**

<u>**SPECIAL VERDICT FORM – DENA MYERS**</u>

**PART I**

*Please answer all Questions by a preponderance of the evidence.*

<u>**PLAINTIFF MYERS' SEXUAL HARASSMENT CLAIM**</u>

1. Has Plaintiff Dena Myers proved by a preponderance of the evidence that she was sexually harassed, as that term is defined in Instruction No. 11, by her supervisor Dr. Michael Zaleski?

    Answer Yes or No: __Yes__

*If your answer to Question No. 1 is "Yes," please proceed to Question No. 2. If your answer to Question No. 1 is "No," please proceed to Part II.*

2. Has Defendant Total Foot Care proved by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the harassing behavior?

    Answer Yes or No: __No__

*If your answer to Question No. 2 is "Yes," please proceed to Question No. 3. If your answer to Question No. 2 is "No," please proceed to Question No. 4.*

3. Has Total Foot Care proved that Plaintiff Myers unreasonably failed to take advantage of or use preventive or corrective opportunities provided by Total Foot Care or to avoid harm otherwise?

    Answer Yes or No: _____

    ***Please proceed to page 2.***

*If you answered "Yes" to Question No. 1, please proceed to Question No. 4. However, if your answer to Question No. 1 was "Yes," but you also answered "Yes" to both Question No. 2 and Question No. 3, please disregard your "Yes" answer to Question No. 1 for purposes of this question only.*

*If you did not answer "Yes" to Question No. 1, please proceed to Part II.*

4. **Only answer this Question if your answer was "Yes" to Question No. 1 above. If you did not answer "Yes" to Question No. 1, please proceed to Part II.**

   What sum of money, if paid now in cash, do you find by a preponderance of the evidence would fairly and reasonably compensate Plaintiff Dena Myers for the damages, if any, you have found Defendant Total Foot Care caused Plaintiff Dena Myers?

   Answer in dollars and cents for the following items and none other:

(1) Past emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $ 24,000

(2) Future emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $ 0

*Please proceed to the next question.*

5. Do you find by a preponderance of the evidence that Plaintiff Dena Myers should be awarded punitive damages, as such damages are defined in Instruction No. 12?

   No

*If your answer is "No," please proceed to Part II. If your answer is "Yes," please proceed to the next question.*

6. What sum of money do you find by a preponderance of the evidence should be assessed against Defendant Total Foot Care as punitive damages, as such damages are defined in Instruction No. 12, based upon its conduct with respect to Plaintiff Myers?

   Answer in dollars and cents: $ _____

*Please proceed to Part II.*

## PART II

## FINALIZATION OF THE VERDICT

Please complete the following information:



1/14/2022
Date

Signature of the Presiding Juror

Juror

Juror

Juror

Juror

Juror