IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE,** *et al*                                                                       **PLAINTIFF**

**v.**                                 **CAUSE NO. 2:19-cv-00063-TBM-RHWR**

**DR. MICHAEL ZALESKI,** *et al*                                                 **DEFENDANTS**

_____

**PLAINTIFFS MOTION FOR ATTORNEY FEES AND SANCTIONS FOR DEFENDANTS FILING A FRIVOLOUS COUNTER-LAWSUIT OF WHICH DEFENDANT ABANDONED DURING THE TRIAL AND WITHOUT EXERCISING ANY ARGUMENT IN SUPPORT OF THE COUNTERCLAIMS**
_____

**COMES NOW,** Plaintiffs Angela Tate, DarShaun Young, Hope Landing and Dena Myers and files this motion for the expenses and attorney fees associated with defending the counter complaint claims of defamation, Tortious Interference with Business relations.

As such, Plaintiffs offers the honorable Court the following:

1. **FACTS:** On February 15, 2019 Defendants Total Foot Care and Michael Zaleski answered the lawsuit against them by Plaintiffs which was filed on January 19, 2019. As a result Plaintiffs began the matter with required initial disclosure, discovery, expert witnesses and responses and motions over nearly [4] years.

2. The trial in this matter was postponed at least twice due to COVID-19 concerns of the honorable Court. However, on January 10, 2022 Plaintiffs finally had their opportunity to bring their sexual harassment hostile workplace matters before the jury. At the close of the [5] day trial, and with the unanimous jury verdict found in favor of Plaintiffs Angela Tate, DarShuan Young, and Dena Myers nearly [4] years matters were ended. Additionally, the same jury did not find for Plaintiff Hope Landing and as a result, Hope Landing did not receive a favorable verdict in this matter.

3. During the week long trial, and around and during the third day of trial, Defendants attorney Daniel Waide published to the court that Defendants were not pursuing the defamation claims of the Defendants counter lawsuit.

4. Then in or around the fourth day of trial, Defendants attorney Daniel Waide published that Defendants are also abandoning Defendants counter lawsuit of Tortious Interference with Business Relations.

5. As a result, Plaintiffs motioned the court on the record that they desire to have sanctions, attorney fees and expenses for Defendants harassing all four Plaintiffs and as a result has caused the economic injury of unnecessary attorney fees, cost of litigation up to the day and hour that Defendants abandoned their counter lawsuit, and the intentional delay of Defendants abandoning their counter claims is clear by the mere fact that they did not even attempt to put on **ONE** element of defamation nor tortious business interference. Therefore, Plaintiffs injuries of an economic loss,

the cost and expenses of paying their attorney for those expenses, and the mental anguish of having to defend Defendants frivolous counter lawsuit is actionable under law.

6. The Court replied on the record that Plaintiffs can file the motion for the same. Therefore, with the permission of the Court, Plaintiffs seek this motion for attorney fees, expenses, and cost to defend Defendants counter lawsuit.

7. Now, Plaintiffs avers that they spent $25,000 over nearly [4] years in preparation and defending the counter lawsuit filed by Defendants February 15, 2019.  Such fees including cost of deposition of each Plaintiff where Defendants attorney Daniel Waide consistently told each Plaintiff that Defendants have a counter lawsuit against them and did they know what that was, and did their attorney tell them of the counter lawsuit.  Plaintiffs contend that as a result of preparing, researching, and additional time and expenses **spent on the counter claims,** their cost to defend the same did not dissipate with Defendants merely stating on the record that they were abandoning the claims.

8. Plaintiffs further avers that they were expensed a cost of $25,000 for defending the counter lawsuit, and had no ideal that Defendants did **NOT INTEND TO PURSUE THE COUNTER LAWSUIT** until the third and/or fourth day of trial.  Plaintiffs further contend that Defendants **HAD THE OPPORTUNITY OVER AT LEAST [3] YEARS TO ADVISE PLAINTIFFS THAT THEY WERE NOT PURSUING THIER CLAIMS.**  But instead, and for some strange leap of logic, Defendants

strategically harassed Plaintiffs with the "counter lawsuit claims that he consistently told each Plaintiff during depositions and even wrote the same in pleadings for summary judgment."

9. Plaintiffs contend that if Defendants had given a sign or warning that they did not intend to pursue their counter lawsuit, Plaintiffs could have stopped the expense clock in defending the same.

10. Plaintiffs further avers that their lawsuit was for sexual harassment hostile workplace and the research and claims for Defamation and business interference elements are not even remotely the same.

11. Moreover, Plaintiffs contend that the elements for defamation and business interference are established in a totally different method and means and totally distinguished from the laws of sexual harassment hostile work place.

12. The fact that Defendants did not even attempt to make the record of a showing that they were pursuing their counter lawsuit for defamation nor tortious business interference. Instead, Defendants attorney Daniel Waide merely told the court that they will not pursue their counter lawsuit. Plaintiffs, stated to the court, on the record during the hearing that Defendants cannot merely abandon their claims without putting on any evidence that Plaintiffs actually did what was claimed by Defendants in their counter claim without legal consequences. This matter of a counterlcawsuit was done for nothing short of harassing Plaintiffs. This harassment is clear when

during the depositions of all four Plaintiffs, attorney Daniel Waide stated to Plaintiffs that Defendants have a counter lawsuit against them.

13. As a result, Plaintiffs avers that the rule for sanctions for filing frivolous lawsuits is applicable so that attorneys avoid doing the very thing Plaintiffs here had to endure and that is harassment by Defendants attorney to put them in the posture of being sued for bringing their claims against Defendants. Such logic is not legal nor judicially sound according to the 5th Circuit.

14. <u>**CONCLUSION**</u>

15. Therefore, along with Plaintiffs concurrently filed memorandum in support to this motion, Plaintiffs have put on enough evidence and law of both the 5th Circuit and Mississippi jurisprudence that shows that Defendants conduct of continuing their counter lawsuit through day three and four of the trial was nothing short of harassment and delay to Plaintiffs whom has been expensed economically for the cost of that frivolous counter lawsuit along with attorney fees to defend the same. It follows that Plaintiffs seek the cost and expenses to defend the frivolous counter lawsuit and their attorney fees totaling $25,000. The damages there of could not have been accessed until the day that Defendants acknowledge their abandonment which was at the trial.

16. **Respectfully submitted this the 19th day of January, 2022**

    All Plaintiffs'

**/*s*/Abby Robinson (MSB 105157)**

ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.
227 E. PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com
Email: abby@askabbylaw.com

# CERTIFICATE OF SERVICE

I certify that I have filed the foregoing document with the Clerk of Court using the CM/EFC system, which sent notification of that filing to all persons registered to receive service of this case.

**This the 19th day of January, 2022**

**/s/Abby Robinson (MSB 105157)**

ABBY ROBINSON LAW FIRM PLLC.
227 E. PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com
Email: abby@askabbylaw.com
Counsel for Plaintiff


Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404

601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net