IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE,** *et al*                                                              **PLAINTIFF**

**v.**                                                       **CAUSE NO. 2:19-cv-00063-TBM-RHWR**

**DR. MICHAEL ZALESKI,** *et al*                                          **DEFENDANTS**

_____

**PLAINTIFFS MOTION FOR ATTORNEY FEES AND SANCTIONS FOR DEFENDANTS FILING A FRIVOLOUS COUNTER-LAWSUIT OF WHICH DEFENDANT ABANDONED DURING THE TRIAL AND WITHOUT EXERCISING ANY ARGUMENT IN SUPPORT OF THE COUNTERCLAIMS**
_____

**COMES NOW,** Plaintiffs Angela Tate, DarShaun Young, Hope Landing and Dena Myers and files this motion for the expenses and attorney fees associated with defending the counter complaint claims of defamation, Tortious Interference with Business relations.

As such, Plaintiffs offers the honorable Court the following:

1. **FACTS:** On February 15, 2019 Defendants Total Foot Care and Michael Zaleski answered the lawsuit against them by Plaintiffs which was filed on January 19, 2019. As a result Plaintiffs began the matter with required initial disclosure, discovery, expert witnesses and responses and motions over nearly [4] years.

2. The trial in this matter was postponed at least twice due to COVID-19 concerns of the honorable Court. However, on January 10, 2022 Plaintiffs finally had their opportunity to bring their sexual harassment hostile workplace matters before the jury. At the close of the [5] day trial, and with the unanimous jury verdict found in favor of Plaintiffs Angela Tate, DarShuan Young, and Dena Myers nearly [4] years matters were ended. Additionally, the same jury did not find for Plaintiff Hope Landing and as a result, Hope Landing did not receive a favorable verdict in this matter.

3. During the week long trial, and around and during the third day of trial, Defendants attorney Daniel Waide published to the court that Defendants were not pursuing the defamation claims of the Defendants counter lawsuit.

4. Then in or around the fourth day of trial, Defendants attorney Daniel Waide published that Defendants are also abandoning Defendants counter lawsuit of Tortious Interference with Business Relations.

5. As a result, Plaintiffs motioned the court on the record that they desire to have sanctions, attorney fees and expenses for Defendants harassing all four Plaintiffs and as a result has caused the economic injury of unnecessary attorney fees, cost of litigation up to the day and hour that Defendants abandoned their counter lawsuit, and the intentional delay of Defendants abandoning their counter claims is clear by the mere fact that they did not even attempt to put on **ONE** element of defamation nor tortious business interference. Therefore, Plaintiffs injuries of an economic loss,

the cost and expenses of paying their attorney for those expenses, and the mental anguish of having to defend Defendants frivolous counter lawsuit is actionable under law.

6. The Court replied on the record that Plaintiffs can file the motion for the same. Therefore, with the permission of the Court, Plaintiffs seek this motion for attorney fees, expenses, and cost to defend Defendants counter lawsuit.

7. Now, Plaintiffs avers that they spent $25,000 over nearly [4] years in preparation and defending the counter lawsuit filed by Defendants February 15, 2019. Such fees including cost of deposition of each Plaintiff where Defendants attorney Daniel Waide consistently told each Plaintiff that Defendants have a counter lawsuit against them and did they know what that was, and did their attorney tell them of the counter lawsuit. Plaintiffs contend that as a result of preparing, researching, and additional time and expenses **spent on the counter claims,** their cost to defend the same did not dissipate with Defendants merely stating on the record that they were abandoning the claims.

8. Plaintiffs further avers that they were expensed a cost of $25,000 for defending the counter lawsuit, and had no ideal that Defendants did **NOT INTEND TO PURSUE THE COUNTER LAWSUIT** until the third and/or fourth day of trial. Plaintiffs further contend that Defendants **HAD THE OPPORTUNITY OVER AT LEAST [3] YEARS TO ADVISE PLAINTIFFS THAT THEY WERE NOT PURSUING THIER CLAIMS.** But instead, and for some strange leap of logic, Defendants

strategically harassed Plaintiffs with the "counter lawsuit claims that he consistently told each Plaintiff during depositions and even wrote the same in pleadings for summary judgment."

9. Plaintiffs contend that if Defendants had given a sign or warning that they did not intend to pursue their counter lawsuit, Plaintiffs could have stopped the expense clock in defending the same.

10. Plaintiffs further avers that their lawsuit was for sexual harassment hostile workplace and the research and claims for Defamation and business interference elements are not even remotely the same.

11. Moreover, Plaintiffs contend that the elements for defamation and business interference are established in a totally different method and means and totally distinguished from the laws of sexual harassment hostile work place.

12. The fact that Defendants did not even attempt to make the record of a showing that they were pursuing their counter lawsuit for defamation nor tortious business interference. Instead, Defendants attorney Daniel Waide merely told the court that they will not pursue their counter lawsuit. Plaintiffs, stated to the court, on the record during the hearing that Defendants cannot merely abandon their claims without putting on any evidence that Plaintiffs actually did what was claimed by Defendants in their counter claim without legal consequences. This matter of a counterlcawsuit was done for nothing short of harassing Plaintiffs. This harassment is clear when

during the depositions of all four Plaintiffs, attorney Daniel Waide stated to Plaintiffs that Defendants have a counter lawsuit against them.

13. As a result, Plaintiffs avers that the rule for sanctions for filing frivolous lawsuits is applicable so that attorneys avoid doing the very thing Plaintiffs here had to endure and that is harassment by Defendants attorney to put them in the posture of being sued for bringing their claims against Defendants.  Such logic is not legal nor judicially sound according to the 5th Circuit.

14. **THE LAW OF THE 5TH CIRCUIT:**

5th Circuit seems to opined the same in ***Nationwide Mut. Ins. Co. v. Evans,*** *553 So. 2d 1117, 1122–23 (Miss. 1989); quoting* ***Tricon Metals & Services, Inc. v. Topp,*** 537 So.2d 1331, 1336 (Miss.1989) and ***Dethlefs v. Beau Maison Development Corp.,*** 511 So.2d 112, 118 (Miss.1987), when the Mississippi Supreme Court held that*:  **"If any party files a motion or pleadings which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees."***

14.  The Nationwide Court  also opined that**:**  "It is important to determine **or** isolate the point in time upon which our Rule 11 focus **must be placed**. In the language of the sentence of the rule here at issue we find "If any party files a motion or pleading...." (Emphasis added) Filing is that ***which triggers the possibility of sanctions.*** It would hardly be irrational for the Court to provide that parties and attorneys are under a

continuing duty to monitor their pleadings and motions and if subsequent events or information *coming to their attention suggest that a claim or defense is frivolous,* they should be required to abandon it.  Our *enforcement of the rule must be consistent with its language.* We must take the rule as given, not as we wish it were.  **Nationwide Mut. Ins. Co. v. Evans,** *553 So. 2d 1117, 1120 (Miss. 1989).*

15. In the case *sub judice,* Sanctions were triggered at the trial stage when Defendants published to the Court that they were abandoning their counter lawsuit without even attempting to prove **ANY ELEMENT OF DEFAMATION OR BUSINESS INTERFERENCE WAS FOUND**.  Defendants just stated on the record that they did not intend to pursue the claims.  Defendants did not establish nor try to establish even **ONE ELEMENT**, as such, Plaintiffs contend that they are entitled to the expense, cost and attorney fees for defending the claims brought in the counter lawsuit.

16. In fact, 5th Circuit in following the Mississippi Supreme Court's holdings in frivolous lawsuits held that:  "In considering whether an action is frivolous we look *to the facts known at the time of filing the complaint*. **Bean v. Broussard,** 587 So.2d 908, 912 (Miss.1991)("We begin with the frivolousness standard. We focus upon the information Bean had at the time he filed the complaint"). "[A] pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success." **Tricon Metals & Servs., Inc.,** 537 So.2d at 1336. **Eatman v. City of Moss Point,** 1998-CA-01255-SCT, (Miss. 2000)

17. Likewise, in this case, Defendants knew at the time of filing its counter lawsuit and certainly after Dr. Zaleski stated in his December 20, 2020 deposition that he indeed had kissed Plaintiff Young and Hugged Plaintiffs, and Defendants had nearly [4] years to abandon their counter lawsuit, but did not.  The evidence prior to trial as well as at summary judgment shows  that: (1)  All Plaintiffs worked for Defendants, (2) Dr. Zaleski admitted to kissing  hugging, body touching which inappropriate in the workplace, so there is no mystery nor new fact of those facts relating to sexual harassment found prior nor during trial.   Defendants could have abandoned their counter claim even at the summary judgment stage, but they did not.   Instead, Defendants caused Plaintiffs to expense cost that were unnecessary.  As such, and pursuant to the Fifth Circuit, Plaintiffs are entitled to the reasonable attorney fees, expenses and cost to litigate when they were injured by defendants actions to pursue a dead counter lawsuit.

18. Plaintiffs further contend that the District Court, in following the law of the state court of which it sits, is to apply that law to the substantive facts before the court. As such, Mississippi jurisprudence holds that: Under Miss. R. Civ. P. 11(b), the court may award *reasonable expenses and attorney's fees* **_against a party or his attorney, or both,_** whose pleading or motion (1) is frivolous or (2) is filed for the purpose of harassment or delay. "Filing is that which triggers the possibility of sanctions." **_Nationwide Mut. Ins. Co. v. Evans_**, 553 So.2d 1117, 1120 (Miss.1989).

19. Plaintiffs avers to the honorable Court that 5th Circuit held in **<u>Green v. Johnson,</u>** 160 F.3d 1029, 1037 (5th Cir.1998) (internal citation omitted), *cert. denied,* 525 U.S. 1174, 119 S.Ct. 1107, 143 L.Ed.2d 106 (1999), **<u>Murph v. Dir., TDCJ-CID,</u>** No. 6:09CV50 (E.D. Tex. Sept. 23, 2010), <u>report and recommendation adopted,</u> No. 6:09CV50 (E.D. Tex. Nov. 1, 2010) 5th Circuit opined that: "Because failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."

20. Here, the **ONLY** chance Plaintiffs had to object and motion to the court that Defendants counter lawsuit was frivolous and that the same was filed for no other reason but to harass Plaintiffs **WAS AT THE TRIAL WHEN DEFENDANTS MADE THE RECORD THAT THEY WERE NOT PURSUING THEIR CLAIMS OF DEFAMATION AND TORTIOUS BUSINESS INTERFERENCE.** Plaintiffs further contend that no such pleading was filed to indicate to Plaintiffs that Defendants were abandoning their counter lawsuit.

21. Therefore, the need to seek sanctions did not become accessible until Defendants action of abandoning their claims which Plaintiffs contend has cost them an injury to include an economic loss inter alia, of $25,000.

22. Additionally the Court mentioned on the record that Plaintiffs did not file anything prior to the trial, and Plaintiffs response is that ***THEY HAD NO INDICATION THAT DEFENDANTS WERE ABANDONING THIER CLAIMS UNTIL DEFENDANTS TRIGGERED*** this sanction motion.

23. Moreover, like the holdings by 5th Circuit stating that: "This Order plainly puts him on **<u>notice that he no longer has a claim against</u>** BankFirst or Skinner regarding the loss of his land and cattle, as difficult as those events may have been. Further attempts to pursue BankFirst or Skinner for those losses, except via this one appeal to the Fifth Circuit, may lead Skinner to sue him again for defamation (or for any other cause of action), leading to a possible judgment against him, and could lead to additional sanctions from the Court for frivolous filings." **<u>Oliver v. Skinner,</u>** 4:09-CV-29-CWR-LRA, (S.D. Miss. Feb. 22, 2013), <u>aff'd sub nom.</u> **<u>Oliver v. Bankfirst,</u>** 13-60161, (5th Cir. 2014)

24. Likewise, Defendants ***<u>did not give any notice to Plaintiffs prior to trial</u>*** that they were not pursuing their counterclaims. Instead and including the first day of trial Defendants left the counter lawsuit open for litigation. As such, Plaintiffs are entitled to reasonable attorney fees and the cost to defend the action against them in this matter for defamation and tortious business interference.

25. Last, 5th Circuit holdings in **<u>In re Actos (Pioglitazone) Products liability Litig.,</u>** No. 6:11-MD-2299 (W.D. La. June 23, 2014) shows the reliability of a party to seek sanctions as actionable is demonstrated when the 5th Circuit held that: " After full review of all of the evidence and testimony presented by both the PSC and Takeda, both *before and during trial*, as well as Takeda's evidence and argument both before and during trial, and, also, considering as evidence, Takeda's ***conduct before suit was***

*filed, continuing after suit was filed, through the discovery and motion practice, and continuing on and into trial*—this Court finds Takeda **acted in bad faith**

26. Similarly, in this case, Defendant Total Foot Care, Dr. Zaleski and their attorney had ample amount of years to abandon their counterclaims. These Defendants could have abandoned the claims on January 10, 2022 during the courts initial meeting with the parties, but they did not. Defendants also could have abandoned their claims during summary judgment when the loss their battle to prevent the trial, but they still did not and certainly Defendants could have abandoned their claims during [2] Settlement conferences, but again they chose not to.

27. Moreover, just like the 5th Circuit held in **<u>Farguson v. MBank Houston, N.A.</u>**, 808 F.2d 358, 359 (5th Cir.1986). "Though novel constitutional theories should not be chilled, **<u>costs and attorneys' fees are merited for a frivolous appeal</u>** the result of which is obvious from the comprehensive and decisive exposition of the law by the judge below. So are the fees and costs of Plaintiffs injuries as stated above.

28. Therefore, Plaintiffs have put on enough evidence and law of both the 5th Circuit and Mississippi jurisprudence that shows that Defendants conduct of continuing their counter lawsuit through day three and four of the trial was nothing short of harassment and delay to Plaintiffs whom has been expensed economically for the cost of that frivolous counter lawsuit along with attorney fees to defend the same. It follows that Plaintiffs seek the cost and expenses to defend the frivolous counter lawsuit and their attorney fees totaling $25,000. The damages there of could not have

been accessed until the day that Defendants acknowledge their abandonment which was at the trial.

29.  **Respectfully submitted this the 19th day of January, 2022**

   All Plaintiffs'

*/s/***Abby Robinson (MSB 105157)**

ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.
227 E. PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com
Email: abby@askabbylaw.com

# CERTIFICATE OF SERVICE

I certify that I have filed the foregoing document with the Clerk of Court using the CM/EFC system, which sent notification of that filing to all persons registered to receive service of this case.

**This the 19th day of January, 2022**

*/s/***Abby Robinson (MSB 105157)**

ABBY ROBINSON LAW FIRM PLLC.
227 E. PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com

Email: abby@askabbylaw.com
Counsel for Plaintiff


Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 H<span>ardy</span> S<span>t</span>.
PO B<span>ox</span> 17738
H<span>attiesburg</span>, MS 39404
601-582-4553 (O<span>ffice</span>)
601-582-4556 (F<span>ax</span>)
dwaide@jhrlaw.net