**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ANGELA TATE, et al**                                                                      **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO. 2:19-cv-63-TBM-RHRW**

**DR. MICHAEL ZALESKI, et al**                                                       **DEFENDANTS**

---

### MOTION TO COMPEL AND SANCTION PLAINTIFFS AND COUNSEL

---

COMES NOW, Defendant, by and through undersigned and makes this, their Motion to Compel and Sanction Plaintiffs  and Counsel and would show unto the Court the following, to wit:

### I.      INTRODUCTION

Despite several pending motions and the right to an appeal, the Plaintiffs have begun filing improper lis pendens actions against Total Foot Care and Michael Zaleski. It is important that no Plaintiff obtained any Judgment against Michael Zaleski. Yet the Plaintiffs filed these Lis Pendens anyway. In addition, Hope Landing did not obtain a judgment against party, yet she too ahs filed these Lis Pendens against Total Foot Care and Michael Zaleski.

### II.      PROCEDURAL BACKGROUND

This Court entered its Judgment [306] based upon the jury's verdict on January 19, 2022. Still pending before this Court is Total Foot Care's Motion for JNOV and a New Trial [303]. Despite this pending motion, the Plaintiffs have now improperly field lis pendens against property owned by Total Foot Care and Michael Zaleski. **Exhibit A, Lis Pendens.**

There are several problems with the Plaintiffs' actions. First and foremost, as addressed in a separate motion, no Plaintiff obtained a judgment against Michael Zaleski. Second, the Judgment [306] is not yet 30 days old and the Plaintiffs have violated the very clear terms of FRCP 62(a) by violating the automatic stay and seeking to enforcement the judgment before 30 days have expired. Third, lis pendens is wholly improper. Finally, Hope Landing has also filed for lis pendens despite not obtaining a verdict against Total Foot Care.

Counsel for the Defendants tried to resolve the issue, but was essentially told to take a hike and go study the law better. **Exhibit B, Correspondence.** Perhaps the Plaintiffs and their counsel would be better served by reviewing rules themselves. A review of the docket shows that the Plaintiff have a history of obstructive and malicious misconduct.

Throughout this litigation and others, Plaintiffs' counsel accused two prior magistrates of misconduct and impropriety simply because rulings were not in favor of the Plaintiffs. In fact, the Plaintiffs openly accused Judge Gargiulo of "being under the influence" in pleadings after the Plaintiffs were compelled to produce cell phone records. The Plaintiffs, in open court, accused the Court of being biased against the Plaintiffs simply because the Court ruled based upon the law and not in favor of the Plaintiffs. At some point, the Plaintiffs and their Counsel must have their feet held to the fire and the rules must be followed.

### III.    ARGUMENT

As a general matter, "Federal Courts do have the authority to remedy litigation practices that threaten judicial integrity and the adversary processes." That's according to the Eastern District of Louisiana in the 1992 case of *In Re: Shell Oil Refinery*, 143 F.R.D. 105 (E.D. La. 1992). citing *Musicus v. Westinghouse Electric Corp.*, 621 F.2d 742 (5th Cir. 1980). A District Court has the inherent authority to impose measures up to and including sanctions "in order to

control the litigation occurring before it." *NASCO, Inc. v. Calcasieu Television & Radio, Incorporated,* 894 F.2d 696, (5th Cir. 1990).

**A. Lis Pendens Against Michael Zaleski**

In an effort to collect a judgment that was not obtained, every Plaintiff has field a lis pendens against property owned by Michael Zaleski. The most glaring issue is the fact that no Plaintiff obtained a judgment against Michael Zaleski.

By filing these lis pendens, the Plaintiffs and their Counsel have purposefully and intentionally clouded Zaleski's title to his property. When this issue was brought to the Plaintiffs' counsel, Plaintiffs' counsel simply stated that the Defendants needed to review the law and just pay the judgment. These malicious acts by the Plaintiffs cannot be tolerated and sanctions are the only appropriate remedy. It is important to note that this is not the first time that Plaintiffs' counsel has abused her privilege to practice law. The now retired Judge Kent McDaniel  accused Plaintiffs' counsel of "criminal activity" in how she presented her case to the Court. **Exhibit C, Jackson Jambalaya.**

There are no judgments against Zaleksi. No Plaintiff can claim any lien or any interest on Zaleski's property. A lis pendens is intended to serve as "notice to the world of an alleged claim of a lien or interest in the property." *Aldridge v. Aldridge*, 527 So.2d 96, 99 (Miss.1988). Filing a lis pendens is a preliminary action necessary to file a civil action to enforce an interest in property. See Miss.Code Ann. §§ 11–47–3, 11–47–9 (Rev.2002). The lis pendens filing provides notice to the public of an alleged claim on land. *Aldridge*, 527 So.2d at 99.

Based upon the Court's inherent authority, the Court must Order:

1) the Plaintiffs to cancel the lis pendens filed against Zaleski's property;

2) the Plaintiffs must take any and all actions necessary to remove any cloud on Zaleski's title to the property at issue; and

3) Monetary Sanctions against the Plaintiffs and the their for their malicious conduct and refusal to remove the clouds on Zaleski's title.

## B.  Hope Landing

For some unexplainable reason, Hope Landing has filed a lis pendens against the properties owned by Total Foot Care and Michael Zaleski. The jury found against Hope Landing, yet she has joined the other Plaintiffs in clouding the title to properties owned by Total Foot Care and Michael Zaleski. There is absolutely no defense available to Hope Landing for these willful and malicious acts. Hope Landing must be sanctioned, and her counsel must be sanctioned for allowing Ms. Landing to place a cloud on Total Foot Care and Zaleski's properties.

## C.  Violation of the Automatic Stay

The Plaintiffs are already in clear violation of FCRP 62(a) which hold s that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Because the final judgment is not yet 30 days old, the Plaintiffs are in clear violation of the federal rules and should be held accountable.

Most amazing, a demand was made on the Plaintiffs to remedy their bad acts, yet the response was essentially tell the Defendants to "kick sand." The Plaintiffs' actions are egregious. Violating the automatic stay and filing lis pendens against parties who were not the subject of any verdict. *In re Repine* dealt with the violation of an automatic stay in a bankruptcy proceeding. 536 F.3d 512 (5th Cir. 2008). The Court held in *In re Repine* that punitive damages were appropriate because the offending party ahead ignored warnings that the parties' actions were unlawful, much like this matter. Bankruptcy Courts often punish offending parties with a heavy hand when an automatic stay is violated. Especially when the violation is intentional and malicious like the facts of this case indicate.

The Court should ultimately grant Total Foot Care's Motion for JNOV and set aside the jury's verdict for the reason's stated therein. However, the Court should alternatively consider as a sanction for the Plaintiffs and their Counsel's bad acts, monetary sanctions up to the full amount of the verdict rendered[1]. The Plaintiffs and their Counsel's feet must be held to the fire and the rules of civil procedure must be enforced. Allowing the Plaintiffs to flout the rules only threaten the integrity of the judicial process.

**D. <u>Total Foot Care Does Not Own Real Property</u>**

Total Foot Care does not own the property upon which the Plaintiffs have filed their Lis Pendens. The Plaintiffs are aware of this fact, yet they have clouded the real property of a third party entity, EMASEE Properties, LLC.

Presumably, this is an attempt by the Plaintiffs to unlawfully coerce Total Foot Care to pay a judgment that is pending alteration and appeal. EMASEE Properties, LLC owns the property where Total Foot Care is located. The Plaintiffs have absolutely no right to file a lis pendens, or any action, against EMASEE other than out of malice towards Total Foot Care and/or Zaleski.

This Court must sanction the Plaintiffs and their Counsel for purposefully and maliciously clouding the titles of third parties who have relationships with Total Foot Care. The Court must put its proverbial foot down and tell the Plaintiffs and their Counsels that their intentional bad acts will not be tolerated.

---

[1] The Court could likewise order Plaintiffs' counsel to be sanctioned up the full amount of the verdict and Order Plaintiffs' counsel to essentially indemnify the Defendants for allowing her clients to engage in these bad acts.

### E. Lis Pendens Are Improper Against Any Party

There are several reasons that the Court should order the Plaintiffs to cancel the Lis Pendens immediately without forcing the Defendants to file an action in State Court. As an alternative, the filing of a lis pendens is wholly improper and violates Mississippi law.

A lis pendens is intended to serve as "notice to the world of an alleged claim of a lien or interest in the property." *Aldridge v. Aldridge*, 527 So.2d 96, 99 (Miss.1988). Filing a lis pendens is a preliminary action necessary to file a civil action to enforce an interest in property. See Miss.Code Ann. §§ 11–47–3, 11–47–9 (Rev.2002). Lis pendens simply means a pending suit, and the doctrine denotes those principles and rules of law which define and limit the operation of the common-law maxim: 'pendente lite nihil innovetur', or that is to say, pending the suit nothing should be changed. 34 Am.Jur., Lis Pendens, § 2, p. 361.

It is important to note that the Plaintiffs have not enrolled the judgment in accordance with Miss. Code Ann. § 11-7-191. Of course, enrolling the judgments would violate the automatic stay. Without enrolling the judgment against Total Foot Care, the Plaintiffs cannot have a lien against Total Foot Care. Miss. Code Ann. § 11-7-191 states very clearly "A judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled."

In addition, the lis pendens notices are fraudulent. The notices say that on January 18, 2022 the Plaintiffs filed suit against the Defendants on these properties, which is simply false. Therefore, because the Plaintiffs have not instituted any suit against the Defendants involving these properties, the lis pendens notices are a fraud committed by the Plaintiffs upon the courts in the State of Mississippi.

Respectfully submitted this the 7th day of February, 2022.

> **DR. MICHAEL ZALESKI;**
> **HATTIESBURG TOTAL FOOT**
> **CARE; and TOTAL FOOT CARE**

Defendants

By:  */s/ Daniel M. Waide*
Daniel M. Waide, (MSB#103543)

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, attorney for Defendants, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted this the 7th day of February, 2022.

Defendants

By:  */s/ Daniel M. Waide*
Daniel M. Waide, (MSB#103543)

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net