**Brittany Richards**

| | |
|---|---|
| **From:** | abby robinson <arobinsonlawfirm@yahoo.com> |
| **Sent:** | Monday, February 7, 2022 9:33 AM |
| **To:** | Daniel Waide; Brittany Richards |
| **Subject:** | Re: Tate et.al vs. Zaleski Civil Action No. 19-00063 |

Daniel,

I am just returning to the office and saw your email.

Again, before you attempt any matters against the lis pendens, I strongly suggest you check the law Miss.Code Ann. §§ 11–47–3, 11–47–9 (Rev.2002). Zaleski as the owner of the property had a vested interest of 100%, therefore, any ownership in accounts, property or otherwise can be sought to remedy the judgment.
Therefore, please keep your threats and just know that if you file such improper pleading, you and your firm will be named in the counter suit as well. I think the proper thing for you to do is to either file a timely appeal, or see the Default Judgment to come,  and plaintiffs ability to seek their judgment in placing a lien with medicaid/medicare, and each insurance company that sends checks to Mr. Zaleski. Defendants ability to appeal ends 2/19/2022.

Also, a lis pendens alerts the creditors and the world that their is a judgment and since Zaleski was at all times relevant to the suit being filed responsible for the debt, then the lis pendens stays due to his responsibility as the 100% owner(look through the initial documents where we sent showing that the MS. Secretary of State reflects this fact. According to law, a lis pendens is proper to alert the world that Zaleksi is responsible for TFC judgment and that as the responsible person, " certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." So, if defendant decides to continue to increase this expense that's his prerogative, either way plaintiffs have waited nearly four years for justice so more time will only benefit them with the 12% supersedes bond that must be posted in the appeal.

Let me guess, someone told him that the judgment is not against him so he has no worries right?  But thats simply not true.  Whomever told him to change the ownership name to his mother Katherine, was incorrect because at the time of suit, it was Zaleski whom owned the property 100%, and as such Zaleski as the signer for even pens in TFC is responsible for the judgment for his company.

So do whatever you think you have to do, but the consequence of your action will involve a suit against you and your firm especially since all you had to do is seek law to resolve, and not, as you say "hornbook street law."

But know, come February 19, 2022 plaintiffs are entitled to file the default judgment and the execution of their judgment will be sought.

Hope this helps and if we could end the final act of this case I am sure you know that this  will stop all communications between the parties and move on.

Last if Zaleski decides to file for bankruptcy or moving any assets plaintiffs creditor claims will be filed with the bankruptcy court, again either way, plaintiffs judgment can still be executed.

Therefore, no need in sending any further emails except that which clears the judgment of which time plaintiffs are required to remove the lis pendens.

Sincerely,

# Abby Robinson, Esq.
**Abby Robinson & Associates Law Firm, PLLC**
**Address:**    227 E. Pearl Street Jackson, MS 39201
**Telephone:**  601-321-9343
**Facsimile:**   601-487-6326



IMPORTANT CONFIDENTIALITY AND LIMITED LIABILITY NOTICE

This email or fax and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this letter in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.

Electronic Communications Privacy Act. 28 U.S.C. Sec. 2510-2521

On Friday, February 4, 2022, 03:08:32 PM CST, Daniel Waide <dwaide@jhrlaw.net> wrote:

Abby

To be clear. You have filed filed a lis pendens, which is improper, against someone for whom you don't not have a judgment. Thereby interfering with Dr. Zaleski's quiet enjoyment to the title of his property.

This will serve as our final notice to cancel these lis pendens before we bring the matter before the Courts.

So long as you fully understand that you do not have a judgement against Dr. Zaleski. But filed them anyway.

Sent from my iPhone

> On Feb 4, 2022, at 1:49 PM, abby robinson <arobinsonlawfirm@yahoo.com> wrote:
>
> Daniel,
>
> I meant lis pendens, not liens, and according to law they are proper. A Lis Pendens can attach to anything of value to let the world know that Zaleski has the judgments against him. Again, check the law. Also, the Lis Pendens are the least of his issues if the matter is not properly settled within the law.
>
> If you would read page three of the court final judgment order Doc.306 it states
> **"IT IS FURTHER, ORDERED AND ADJUDGED that, in accordance with the jury's unanimous verdict, THE COURT'S PRIOR ORDERS[272], [279], the prior rulings of the Court, AND WITH THE ORDER ENTERED HEREWITH, THIS CIVIL ACTION IS DISMISSED. "**
>
> Daniel, that order is after your JNOV, therefore, your JNOV is over as ruled this civil action is DISMISSED. Your clock is running now. And if you do not timely send the drafts for plaintiffs, it is plaintiffs whom will seek additional expenses.
>
> Furthermore, If you do not act within the statute time for posting a supersedes bond, then Plaintiffs will act with swift relief.
> Its not personal, but plaintiffs rights will be exercised with the judgment.
>
>
> Sincerely,
>
> **Abby Robinson, Esq.**
> **Abby Robinson & Associates Law Firm, PLLC**
> **Address:** 227 E. Pearl Street Jackson, MS 39201
> **Telephone:** 601-321-9343

2

**Facsimile:**   601-487-6326

IMPORTANT CONFIDENTIALITY AND LIMITED LIABILITY NOTICE

This email or fax and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this letter in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.

Electronic Communications Privacy Act. 28 U.S.C. Sec. 2510-2521

On Friday, February 4, 2022, 10:28:08 AM CST, Daniel Waide <dwaide@jhrlaw.net> wrote:

Abby,

To be very clear. You are wrong. Total Foot Care and Dr. Zaleski are separate entities. If you do not remove the lis pendens on Dr. Zaleski's personal residence we will seek sanctions against the Plaintiffs.

You have not filed liens. You have filed lis pendens. Not the same thing.

Ownership at time of injury is also immaterial.

The motion for Post trial JNOV is still pending as well. Final judgment was entered on the jury verdict. But the rule 50 motion remains. Our 30 days does not begin to run until the post trial motion is ruled upon.

Sent from my iPhone

> On Feb 4, 2022, at 10:15 AM, abby robinson <arobinsonlawfirm@yahoo.com> wrote:
>
> re-sending.
>
> Sincerely,
>
> # *Abby Robinson, Esq.*
> **Abby Robinson & Associates Law Firm, PLLC**
> **Address:**   227 E. Pearl Street Jackson, MS 39201
> **Telephone:**  601-321-9343
> **Facsimile:**   601-487-6326
>
> IMPORTANT CONFIDENTIALITY AND LIMITED LIABILITY NOTICE
>
> This email or fax and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this letter in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.

Electronic Communications Privacy Act. 28 U.S.C. Sec. 2510-2521

----- Forwarded Message -----
**From:** abby robinson <arobinsonlawfirm@yahoo.com>
**To:** Daniel Waide <dwaide@jhrlaw.net>
**Sent:** Friday, February 4, 2022, 10:14:31 AM CST
**Subject:** Re: Tate et.al vs. Zaleski Civil Action No. 19-00063

Dear Mr. Waide,

The judgment stands against both parties because Michael Zaleski is the owner of TFC, at the time of injury. I know that he, in an attempt to dissuade the very judgment that was awarded, 5% interest to Dr. Green and since then they have fallen out, and the remaining ownership to his mother. Plaintiffs will get Dr. Green to testify to that truth of the matter and subpoena his mother to answer to the same.
As such, Zaleski is personally responsible and as such, ANY property that he has is subject to the lien because at the time of suit, Zaleski was the sole owner of TFC. Check the law. You should also check the law regarding lis pendens attachments, Plaintiffs can incumbent assets in law that TFC through its owner is liable.

This matter is before a district court, so if you find that the liens are improper you can bring it before the court, but I suggest you research the law and if you then find that plaintiffs cannot perfect their interest in the judgment through the owner of the business then please inform me. Your continued threats of more actions does not move plaintiffs, therefore, no sooner than you try such tactics, plaintiffs will file a countersuit against both your clients and you as well.

Again, if we can get this matter resolve Plaintiffs are ready to remove the liens at once.

Next, Your motion for JNOV HAS BEEN ANSWERED BY THE COURT. the court has closed the case in response to your JNOV, AND ISSUED ITS FINAL JUDGMENT, so there is not a pending JNOV pending, check the docket and the date. Doc. 306 clearly states FINAL JUDGMENT therefore, there cannot be an additional pending JNOV as to the opinion of the court was filed after you filed the JNOV motion, its ruled Leaving only the Plaintiffs Motion for sanctions, fees and expenses, but your motion is decided upon which means you have no greater than 30 days to appeal FROM THE FINAL DATE OF THE VERDICT or JUDGMENT which ever came first in law.

Remember it was you and Zaleski were bragging during a break in open court for me to hear about monies and investments, that you both have. As such, Plaintiffs can execute any property, investments or others against Z(the owner of TFC) not to mention a world lis pending on him as relating to TFC.

Either way the clock stops at February 14, or the 19th, 2022 and plaintiffs have waited nearly four years so if they have to wait longer during an appeal and be entitled to an additional 25% upon 5th Circuit's affirmation, then they will.

Mr. Waide, I suggest that you do not send additionally email threats about wrong lien placement, instead, end the matter with what you know from legal research regarding your JNOV claims that the 5th Circuit will affirm because its the law. Especially since plaintiffs are ready to respond in law and seek additional expenses as a result of your additional filings.

Last, like you, I am simply doing my job, and as you should know, any asset of Zaleski is attachable for a judgment, and in this case his attempt to slight the court by changing the ownership at the time of injury likely will not be looked upon favorably by the court. Such dishonesty is typically met with a hard hand, please see the laws. Therefore, lets please end this matter and move on before more expenses occur.

4

Sincerely,

## *Abby Robinson, Esq.*

**Abby Robinson & Associates Law Firm, PLLC**
**Address:** 227 E. Pearl Street Jackson, MS 39201
**Telephone:** 601-321-9343
**Facsimile:** 601-487-6326

IMPORTANT CONFIDENTIALITY AND LIMITED LIABILITY NOTICE

This email or fax and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this letter in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.

Electronic Communications Privacy Act. 28 U.S.C. Sec. 2510-2521

On Friday, February 4, 2022, 09:22:58 AM CST, Daniel Waide <dwaide@jhrlaw.net> wrote:

Abby,

First, there is no judgment against Dr. Zaleski. Only total foot care. You have slandered Dr. Zaleski's title to his personal property and I suggest you remedy this IMMEDIATELY or face the repercussions.

Second, there is presently pending a motion for JNOV. Therefore the judgment is still subject to be vacated. Once the JNOV is ruled upon we have 30 days to appeal, if necessary.

Third, a lis penden is not the proper mechanism for your actions and should be dismissed immediately.

Sent from my iPhone

> On Feb 4, 2022, at 9:01 AM, abby robinson <arobinsonlawfirm@yahoo.com> wrote:
>
> Dear Mr. Waide,
>
> To date you nor Defendants have not responded to the unanimous jury verdict in this case as to when you would like Plaintiffs to expect the monies specified by the court in the judgment. As stated earlier, Plaintiffs understands that the right to appeal might optional, however, and as known by you, defendants must post a supersedes bond in the amount of 125% of the judgment. And when the judgment is affirmed, Plaintiffs will receive the additional 25% as to law.
>
> As a result, Plaintiffs asked that their interest in the money judgments against Michael Zaleski and Total Foot Care Clinic's be

5

protected. Plaintiffs will also seek additional protection as held in law. As such, please see attached.

Sincerely,

## *Abby Robinson, Esq.*
**Abby Robinson & Associates Law Firm, PLLC**
**Address:** 227 E. Pearl Street Jackson, MS 39201
**Telephone:** 601-321-9343
**Facsimile:** 601-487-6326

IMPORTANT CONFIDENTIALITY AND LIMITED LIABILITY NOTICE

This email or fax and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this letter in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.

Electronic Communications Privacy Act. 28 U.S.C. Sec. 2510-2521

<Zaleski to Waide 2nd LP2:4:22.pdf>
<Zaleski LS to Waide 1:4:22.pdf>

6