**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**


ANGELA TATE, DARSHAUN YOUNG,                                            **PLAINTIFFS**
DENA MYERS, and HOPE LANDING


v.                                                            **CIVIL ACTION NO. 2:19-cv-63-TBM-RHWR**


DR. MICHAEL ZALESKI  and
TOTAL FOOT CARE, LLC                                                    **DEFENDANTS**


### MEMORANDUM OPINION AND ORDER

At the conclusion of a jury trial in this action arising from Title VII claims of sexual

harassment and hostile work environment, a jury returned verdicts in favor of Plaintiffs Dena

Myers, Darshaun Young, and Angela Tate. The jury also rendered a defense verdict in favor of

Defendant Total Foot Care, LLC relating to the claims of Plaintiff Hope Landing.[1]  The Court

entered a Final Judgment [306] on January 19, 2022, consistent with the jury's verdict. On that

same date, Plaintiffs filed a Motion [307] for Attorney Fees and Sanctions. On February 7, 2022,

Defendants filed a Motion [312] to Stay Enforcement of Judgment Pending Final Rulings and/or

Appeal and a Motion [313] to Compel and Sanction Plaintiffs and Counsel.[2]

The Plaintiffs' filing of lis pendens notices was improper, since the property identified is

not the subject of the instant action.  Defendants' Motions are granted to the extent that the

---

[1] Dr. Michel Zaleski was dismissed at trial, as an individual Defendant, as the Court granted Defendants' Rule 50 motion to dismiss Plaintiffs' state law claims of intentional infliction of emotional distress.

[2] Also before the Court is Defendants' Motion [303] for Judgment Notwithstanding the Verdict, or in the alternative, Motion to Alter or Amend the Judgment, or in the alternative, Motion for a new Trial which the Court ruled on by separate Order [320] on this same date.

Plaintiffs must remove the lis pendens filings and denied as to requests for monetary sanctions. Neither side is entitled to monetary sanctions. Plaintiffs' Motion is thus denied, as well.

## I.      PLAINTIFFS' MOTION FOR ATTORNEY FEES AND SANCTIONS

The Court will first consider Plaintiffs' post-trial Motion [307] for Sanctions pursuant to Federal Rule of Civil Procedure 11. During the week-long trial of this matter, Defendants voluntarily withdrew their counterclaims of defamation and tortious interference with business relations. Plaintiffs now request sanctions against Defendants in the amount of $25,000 for "injuries of an economic loss, the cost and expense of paying their attorney for those expenses, and the mental anguish of having to defend [the] frivolous counter lawsuit." [308] at 3. Plaintiffs assert that they spent $25,000 in preparation of defending themselves against these counterclaims, and that these counterclaims were brought for the purpose of harassing the Plaintiffs. *Id.* at 4.

Rule 11 authorizes a court to impose sanctions on a party who files a pleading if the claims or defenses of the signer are not supported by existing law or by a good faith argument for an extension or change in existing law, FED. R. CIV. P. 11 (b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. FED. R. CIV. P. 11 (b)(3). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp*, 496 U.S. 384, 404, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990), and to ensure that "victims of frivolous lawsuits do not pay expensive legal fees associated with defending such lawsuits." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. FED. R. CIV. P. 11 (c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even

dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); FED. R. CIV. P. 11 (c)(4).

The Fifth Circuit has noted that "[a]n attorney may escape sanctions under [R]ule 11 if he had to rely on a client for information about the facts underlying the pleadings." *St. Amant v. Bernard*, 859 F.2d 379, 383, n.15 (5th Cir. 1988). In *St. Amant*, the court summarized the three duties that Rule 11 places on attorneys:

> (1) counsel must make reasonable inquiry into the factual basis of any pleading, motion, or other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not file a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the cost of litigation.

*Id.* at 382 (citing *Thomas*, 836 F.2d at 874).

The Court is within its discretion to deny Plaintiffs' request for sanctions. *See Cooter & Gell v. Hartmarx Corp*, 496 U.S. 384, 404, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) (stating that a district court has broad discretion in determining whether any sanction is warranted and, if so, what it should be); *Lulirama, Ltd. v. Axcess Broadcast Servs., Inc.*, 128 F.3d 872, 884 (5th Cir. 1997) (affirming district court's refusal to impose sanctions); *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997) (reversing district court's order imposing sanctions because plaintiff's libel claims were well grounded in fact and law).

Rule 11 requires the movant to "describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11 (c)(2).[3] "Under Rule 11(b)(2), [s]anctions are appropriate if counsel

---

[3] In their Response [310], Defendants seemingly urge the Court to issue an Order to Show Cause pursuant to Rule 11 to require the Plaintiffs to provide support for the claim of $25,000 in expenses. [310] at 4. Rule 11(c)(3) does provide that a court may order an attorney "to show cause why conduct specifically described in the order had not violated Rule 11(b)." FED. R. CIV. P. 11 (c)(3). The Court notes that a show cause order under Rule 11 would apply to the non-movant—the Defendants—and not to the party bringing the Rule 11 motion. While it is not clear what the

submits a legally indefensible filing, and [a] filing is legally indefensible if it is not warranted by existing law or by a nonfrivolous argument." *M2 Techn., Inc. v. M2 Software, Inc.*, 748 F. App'x 588, 589 (5th Cir. 2018) (citing *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016)) (internal quotations omitted). Plaintiffs' sole argument in support of sanctions is that Defendants' voluntary dismissal of their counterclaims during trial is the equivalent of admitting that these claims were frivolous; and as such, sanctions should be taken against the Defendants.

However, Plaintiffs have failed to meet their burden under Rule 11 of showing that these claims were frivolous. Notably, at least two of the Plaintiffs indicated during their depositions that they were unaware of these claims. [310-1]. And at no point in this litigation did Plaintiffs ever seek to dismiss these claims as not being grounded in law. Nor have the Plaintiffs analyzed the elements of the counterclaims and set forth how the facts alleged by Defendants in the pleadings demonstrate that the counterclaims are not supported by existing law. Defendants assert that they made a strategic decision during the trial of this matter to drop their two counterclaims. [310] at 2-3. Defendants have set forth the applicable elements for these counterclaims and argued facts in support. [310] at 2-3. While the counterclaims are questionable, Plaintiffs have not analyzed *how* the claims are frivolous. Voluntarily dismissing claims does not automatically equate to frivolity. *See Adams v. Austal, USA, L.L.C.*, 530 F. App'x 699, 703-04 (11th Cir. 2013) (denying sanctions where plaintiffs voluntarily dismissed claims as "the totality of the evidence does not support a conclusion that any of Plaintiffs' claims were objectively frivolous" and there was no evidence the claims were pursued in bad faith); *Nieman v. Milam*, No. 3:14-CV-3897-M (BT), 2018 WL 2604862, at *3 (N.D. Tex. May 11, 2018), *report and recommendation adopted,* No. 3:14-CV-3897-

Defendants are requesting, the Court finds it is unnecessary to order either side to show cause, as the Plaintiffs' motion for sanctions is denied.

M (BF), 2018 WL 2575231 (N.D. Tex. June 4, 2018) (finding that voluntary dismissal of RICO claim does not necessarily establish that the claim was frivolous); *CUTTR//// Holdings LLC v. Patinkin*, No. CIV.A. 05-CV-4537WJM, 2007 WL 1200134, at *3 (D.N.J. Apr. 20, 2007) (finding that voluntary dismissal of six claims was not an admission that the claims were frivolous and noting that the party moving for sanctions did not provide affirmative explanations for why the claims should be considered frivolous); *Cheetham v. CSX Transportation, Inc.*, No. 3:06-CV-704, 2011 WL 13176218, at *1 (M.D. Fla. July 25, 2011) (denying motion for sanctions and finding that voluntary dismissal of claims is not an admission of frivolity where there was some factual support for the claims). Plaintiffs must show more, and they have not.

Accordingly, the Court denies Plaintiffs' request for attorney fees and sanctions.

## II.     DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT

On February 2, 2022, Plaintiffs filed notices [312-1] of lis pendens against Defendants Michael Zaleski and Total Foot Care, LLC.  Defendants assert that these actions were improperly filed because:

> [N]o Plaintiff obtained a judgment against Michael Zaleski, . . . the Judgment [306] is not yet 30 days old and the Plaintiffs have violated the very clear terms of FRCP 62(a) by violating the automatic stay and seeking to enforcement [sic] the judgment before 30 days have expired, . . . lis pendens is wholly improper, [and] Hope Landing has also filed for lis pendens despite not obtaining a verdict against Total Foot Care.

[312] at 2. Defendants request that the court sanction the Plaintiffs by ordering them to cancel and withdraw all actions taken to enforce the judgment. *Id.* Defendants further request that the Court "stay execution of the judgment pending final resolution of the motions and any potential appeal and waive any appeal bond because of the Plaintiffs' bad acts." *Id.*

At the outset, the Court notes that FRCP 62(a) provides an automatic stay of proceedings to enforce a judgment, stating "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." FED. R. CIV. P. 62(a). Since the Court entered its Final Judgment [306] on January 19, 2022, any proceedings to enforce the judgment are automatically stayed until February 18, 2022. From the email correspondence between counsel and the lis pendens filings, it is clear that Plaintiffs intend to use the lis pendens filings as a method to enforce the judgments in this action.[4] Therefore, any proceedings to enforce the judgment, including the lis pendens proceedings instituted by the Plaintiffs, are in violation of Rule 62(a)'s automatic stay.

Furthermore, the filing of notices of lis penden are improper, as lis pendens can only be filed if a claim is related to a specific property. *See Hooker v. Greer*, 81 So. 3d 1103, 1109 (Miss. 2012) ("filing a lis pendens is a preliminary action necessary to file a civil action to enforce an interest in property"); Miss Code Ann. §§ 11-47-3, 11-47-9; *Fryar v. Sav-Amil, LLC*, No. 3:08-cv-63-SA-SAA, 2010 WL 2608098, at *1 (N.D. Miss. June 22, 2010) (granting motion to compel cancellation of lis pendens filings on properties underlying the lawsuit to conform with final judgment); *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 117 (Miss. 1987) (finding the filing of lis pendens was proper since the party had a right to assert an interest in the underground pipeline which was the subject of the litigation); *Aldridge v. Aldridge*, 527 So. 2d 96, 99 (Miss. 1988) ("The legal function of Lis Pendens is to give notice to the world of an alleged claim of a lien or

---

[4] Plaintiffs' counsel refers to the judgment multiple times in the email correspondence between counsel and indicates that lis pendens can be used to perfect the Plaintiffs' interest in the judgment. [312-2] at 1, 2, 4. Further, a copy of the Final Judgment [306] is attached to each lis pendens. [312-1] at 6-8, 31-33.

interest in the property. The lis pendens notice itself does not constitute an independent basis for

imposition of a lien.").

> The 11th edition of Black's Law Dictionary defines "lis pendens" as:
>
> 1. A pending lawsuit. 2. The jurisdiction, power, or control acquired by a court over property while a legal action is pending. 3. A notice, recorded in the chain of title to real property, required or permitted in some jurisdictions **to warn all persons that certain property is the subject matter of litigation**, and that any interests acquired during the pendency of the suit are subject to its outcome.

*Lis Pendens*, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added).  Black's Law Dictionary

further sets forth that:

> The particular property involved in the suit must be so definitely described and identified in the pleading that any one reading it can learn thereby what property is intended to be made the subject of the litigation. . . . A lis pendens, and its consequent notice, begins to operate when the suit is properly commenced by the service of process, and continues to operate until the rendition of final judgment.

*Id. See also Huey v. Strong*, 206 So. 3d 547, 550 (Miss. Ct. App. 2016) ("a lis pendens is a Latin

phrase for 'pending lawsuit'—notice of which is required by statute to be filed in county land

records when real estate is a subject of litigation."). The Court recites these understandings to

identify the purpose of lis pendens and to illustrate how that mechanism under the law is

inapplicable to this case.

Section 11-47-3 of the Mississippi Code provides that notice of lis pendens may be utilized

when a party begins a suit "to enforce a lien upon, right to, or interest in, any real estate." Miss

Code Ann. § 11-47-3.  Here, Plaintiffs' claims and subsequent verdicts were based on allegations

of sexual harassment and hostile work environment and do not involve enforcement of a "lien

upon, right to, or interest in" any real estate.  While Plaintiffs might ultimately secure a judgment

lien against lands owned by Total Foot Care to secure payment of a judgment, that possibility alone

does not justify a notice of lis pendens—which is different than a judgment lien. *See Gilley v. Shoffner*, 345 F. Supp. 2d 563, 566 (M.D. N.C. 2004) (ordering cancellation of notice of lis pendens against Defendant's property because Plaintiffs' cause of action did not affect title to that property). At the appropriate time, Plaintiffs must follow the procedures for enrolling a foreign judgment in Mississippi as set forth in §§ 11-7-301, *et seq.* of the Mississippi Code. *See Payne v. Univ. of So. Miss.*, Civ. Act. No. 1:12-cv-41-KS-MTP, 2016 WL 1718383, *2 (S.D. Miss. Apr. 29, 2016) (noting that enrollment and enforcement of foreign judgments, such as judgments from a "court of the United States" is governed by Mississippi statutes).

Accordingly, the Plaintiffs are ordered to remove the lis pendens filed on the subject properties immediately, but in no event more than fourteen days, as Plaintiffs' lawsuit does not involve the property identified in the lis pendens.

Defendants further request, pursuant to Federal Rule of Civil Procedure 62(d), that the Court "stay execution of the judgment pending final resolution of the [pending] motions and any potential appeal and waive any appeal bond because of the Plaintiffs' bad acts." [312] at 1-2. While Defendants cite to Rule 62(d), they appear to be referring to a stay under Rule 62(b), as Rule 62(d) applies to interlocutory orders or injunctions pending appeal. Federal Rule of Civil Procedure 62(b), formerly Rule 62(d), provides that:

> [a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

FED. R. CIV. P. 62(b). The Fifth Circuit acknowledges that "the purpose of a supersedeas bond is to preserve the status status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91

(5th Cir. 1979). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

By separate Order [320] on this same date, the Court ruled on the Defendants' post-trial motions. As such, the Defendants' request to stay execution of judgment "pending final resolution of the [pending] motions" is denied as moot.

The Court also denies Defendants' requests for a stay pending appeal and a waiver of any appeal bond. Defendants have offered no support, legally or factually, for such a request other than that the Court should grant it as a sanction against the Plaintiffs. The Court has already ordered that Plaintiffs remove the lis pendens. And Defendants have failed to establish why they should be permitted a stay without any bond or security as an additional sanction. *See Peacock v. Thomas*, 516 U.S. 349, 359 n. 8, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor."). Therefore, Defendants' motion to stay execution of judgment pending appeal is denied, as is Defendants' unsubstantiated request to waive an appeal bond or other security.

## III.   DEFENDANTS' MOTION TO COMPEL AND SANCTION PLAINTIFFS AND COUNSEL

In their Motion [313] to Compel and Sanction Plaintiffs and Counsel, Defendants again request that the Court compel Plaintiffs to "cancel the Lis Pendens immediately without forcing the Defendants to file an action in State Court." [313] at 6. As the Court explained above, the

Plaintiffs are ordered to remove the lis pendens filed. Defendants' request for sanctions, however, is denied.

The Court notes that the parties have been more than simply contentious towards each other during these proceedings. As the Court has already stated, Plaintiffs attempted to enforce a judgment in violation of F.R.C.P. 62(a). When Plaintiffs filed the notices of lis pendens, they were attempting to enforce a judgment that was under an automatic stay. Not only was the filing of a lis pendens in violation of the Federal Rules of Civil Procedure, it is improper here because the property at issue is not the subject matter of the underlying suit.  Additionally, Plaintiffs filed a notice of lis pendens against property owned by Michael Zaleski—who was not named in the Final Judgment. Further, Plaintiff Hope Landing—to whom the jury did not award a verdict and is not entitled to damages—filed a notice of lis pendens against Michael Zaleski and Total Foot Care. Finally, Defendants assert that Plaintiffs filed a notice of lis pendens on a piece of property that is owned by EMASEE Properties, LLC—an entity that allegedly owns the property where Total Foot Care is located and is not named in the lawsuit. [313] at 5. Such actions could be construed as being done for an improper purpose "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(2).

The parties engaged in a number of email communications, during which Defense counsel warned Plaintiffs' counsel that sanctions would be sought if the lis pendens were not removed. [313-2]. When the motion for sanctions was filed, Defendants accused Plaintiffs' counsel of previously abusing "her privilege to practice law," and alleged that Plaintiffs' counsel had been accused of "criminal activity."  [313] at 3. In support, Defendants attached an internet blog post about Plaintiffs' counsel. [313-3]. Further, the anonymous comments under the blog post were

included, and these anonymous comments disparage Plaintiffs' counsel. *Id*. This move by Defendants was unnecessary and improper.

The Court is within its discretion to deny Rule 11 sanctions. *See Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 577-78 (5th Cir. 2002) ("[A] district court's denial of Rule 11 sanctions [is reviewed] for abuse of discretion. Generally, an abuse of discretion occurs only where no reasonable person could take the view adopted by the trial court.") (citations and quotation marks omitted). The Court has described post-trial behavior that is inappropriate. Because both sides have contributed to "disharmony in the proceedings," the Court will not grant sanctions to either side. *See Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999) (motions for sanctions by both parties denied because both parties contributed to "disharmony in the proceedings" and filed briefs that "were long on hyperbole and personal attacks and short on thoughtful analysis") (citations omitted); *Moore v. Vital Prods., Inc.*, 641 F.3d 259, 259 (7th Cir. 2011) (refusing to impose sanctions because both parties had taken liberties with facts and law in briefs and "neither side [could] claim the high ground").

Accordingly, the Court finds that Defendants' request for monetary sanctions against Plaintiffs and their counsel is denied.

## IV.    CONCLUSION

IT IS THEREFORE, ORDERED AND ADJUDGED that Plaintiffs' Motion [307] for Attorney Fees and Sanctions is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion [312] to Stay Enforcement of Judgment Pending Final Rulings and/or Appeal is GRANTED in part and DENIED in part. Defendants' Motion is GRANTED to the extent that the Plaintiffs are ordered

to remove the lis pendens filed on the subject properties immediately, but in no event more than fourteen days. Plaintiffs are further required to provide proof on the docket to the Court of the removal of the lis pendens filings. Defendants' requests for other sanctions, including a stay of execution of judgment pending appeal and monetary sanctions, are DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion [313] to Compel and Sanction Plaintiffs is GRANTED in part and DENIED in part. Defendants' Motion is granted to the extent that Plaintiffs are ordered to remove the lis pendens and it is DENIED as to the requests for monetary sanctions against Plaintiffs and their attorney.

THIS, the 17th day of February, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE