IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE, DARSHAUN YOUNG,**                                              **PLAINTIFFS**
**DENA MYERS, and HOPE LANDING**

**v.**                                          **CIVIL ACTION NO. 2:19-cv-63-TBM-RHWR**

**DR. MICHAEL ZALESKI and**
**TOTAL FOOT CARE, LLC**                                                      **DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS APPEAL

Before the Court is Plaintiffs' Motion [325] to Dismiss the appeal. Plaintiffs assert that the Court must dismiss the appeal because the Defendant has not posted a supersedeas bond, which Plaintiffs argue is required by FED. R. CIV. P. 62. Defendant asserts that this Court lacks jurisdiction to dismiss the appeal, which was timely made to the Fifth Circuit. While the Court retains jurisdiction over the enforcement of the judgment, the Court does not have jurisdiction to dismiss this appeal to the Fifth Circuit. Thus, the Plaintiffs' Motion to Dismiss is denied.

The Fifth Circuit follows the general rule that "the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005) (quoting *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983)). *See Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ("the filing of a notice of appeal . . . confers

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")).

While the filing of the notice of appeal divests the district court of jurisdiction over any matters dealing with the merits of the appeal, the district court retains jurisdiction over any issues relating to the enforcement of the judgment or the supersedeas bond. *Ross*, 426 F.3d at 751. Federal Rule of Civil Procedure 62(b) governs the stay of proceedings to enforce a judgment and provides that:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

FED. R. CIV. P. 62(b). The Fifth Circuit has recognized a party can also obtain a stay—and avoid posting a bond—if "the losing party 'objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of appeal.'" *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990) (citing *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

Here, the Defendant filed a posttrial motion to stay execution of judgment pending appeal and a waiver of any appeal bond. [312]. The Court denied this motion because Defendant failed to establish why either was appropriate as a sanction against the Plaintiffs. [321] at 9. As the Court set forth in its Order on Defendant's Motion to Stay, the Defendant "offered no support, legally or factually, for such a request [for a stay of execution pending appeal and a waiver of any appeal bond] other than that the Court should grant it as a sanction against the Plaintiffs." [321] at 9. Certainly, Defendant did not then, and has not since, presented facts which "objectively demonstrate[] a

2

present financial ability to facilely respond to a money judgment." *Enserch Corp.*, 918 F.2d at 464 (citing *Poplar Grove*, 600 F.2d at 1191). Nor has Defendant "present[ed] to the court a financially secure plan for maintaining the same degree of solvency during the period of appeal." *Id.*

Since the Court did not grant a stay of execution and the waiver of an appeal bond, Plaintiffs may seek to enforce the judgment pursuant to applicable law. *See MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014) ("Absent a stay under Rule 62, a prevailing party may seek to enforce a judgment pursuant to Rule 69."). As the Court previously noted, there are proper ways to enforce a judgment and improper ways. [321] at 6-8. However, while the Court retains jurisdiction over the enforcement of the judgment, the Court does not have jurisdiction to dismiss this matter which is on appeal to the Fifth Circuit. *See McCoy v. Stephens*, 561 F. App'x 432, 432 (5th Cir. 2014) (quoting *Ross*, 426 F.3d at 751).

IT IS THEREFORE, ORDERED AND ADJUDGED that Plaintiffs' Motion [325] to Dismiss Defendant's Appeal is DENIED for lack of jurisdiction.

THIS, the 22nd day of June, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE