IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANGELA TATE, ET AL.**                                                                                  **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO. 2:19-cv-63-TBM-MTP**

**DR. MICHAEL ZALESKI, ET AL.**                                                              **DEFENDANTS**

**ORDER DENYING PLAINTIFFS' MOTION TO ENFORCE JUDGMENT AND REQUIRING PLAINTIFFS' COUNSEL TO SHOW CAUSE**

The Plaintiffs are former employees of Total Foot Care Clinic, LLC, and filed suit against the Defendants alleging Title VII claims for sexual harassment and hostile work environment. Following a unanimous jury verdict in favor of Plaintiff Dena Myers, Plaintiff Darshaun Young, and Plaintiff Angel Tate on their sexual harassment claims against Defendant Total Foot Care,[1] the Plaintiffs filed a Motion to Enforce Judgment [346]. The Plaintiffs' Motion to Enforce Judgment [346] is improper and must be denied. Additionally, Plaintiffs' counsel is ordered to show cause why sanctions should not be imposed pursuant to Rule 11.

**I. PLAINTIFFS' MOTION TO ENFORCE JUDGMENT**

Through their Motion [346], the Plaintiffs "are hoping to have their money judgment enforced." [346], pg. 2. It appears that Plaintiffs are requesting for this Court to enforce the judgment by ordering the Defendant to post a bond or pay the Plaintiffs. However, Plaintiffs seem to have confused their responsibility of *collecting* the judgment, and the Court's role in *enforcing* the judgment. Although collecting the judgment is the responsibility of the Plaintiffs at this stage, the

---

[1] The jury awarded Plaintiff Myers $24,000.00 in damages, Plaintiff Young $34,000.00 in damages, and Plaintiff Tate $18,000.00 in damages. The jury also returned a unanimous defense verdict in favor of Defendant Total Foot Care on Plaintiff Hope Landing's claim. [306].

Court may issue certain orders, upon proper request. Here, the Plaintiffs have improperly requested the Court's assistance in collecting the judgment, as the Court has no authority to order the Defendant to do what the Plaintiffs are requesting. The Court recognizes that collecting a judgment can be a tedious, long, and difficult process, but the proper procedure must be followed. Because the Plaintiffs have repeatedly failed to follow the proper procedure for collecting a judgment, the Court finds it necessary to provide an analysis of how a judgment may be enforced under Rule 69 and potentially collected.

Rule 69(a)(1) provides: "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. *The procedure on execution . . . must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1) (emphasis added). Here, Mississippi law applies. Under Mississippi law, "any judgment, decree, or order of a court of the United States" is treated as a "foreign judgment . . . which is entitled to full faith and credit in this state." MISS. CODE ANN. § 11-7-301.

The procedure for enforcing foreign judgments in Mississippi is governed by the Uniform Enforcement of Foreign Judgments Act as set forth in Mississippi Code § 11-7-301 through § 11-7-309. The Mississippi Supreme Court has summarized the process as follows: "(1) judgment creditor . . . must file an affidavit and copy of the foreign judgment with the circuit clerk; (2) the circuit clerk promptly mails notice to the judgment debtor . . . ; (3) no action may be taken for twenty (20) days after the foreign judgment is filed." *Payne v. Univ. of S. Mississippi*, No. 1:12-cv-41-KS, 2016 WL 1718383, at *2 (S.D. Miss. Apr. 29, 2016) (quoting *Davis v. Davis*, 558 So. 2d 814, 818 (Miss. 1990) (citing MISS. CODE ANN. §§ 11-7-303, 11-7-305)). Within twenty days from the date the judgment was filed, the judgment debtor must file an answer or a response to the judgment

creditor's effort to enforce the foreign judgment. *Davis*, 558 So. 2d at 819; *Eagle Green Energy, Inc. v. Forsite Dev., Inc.*, 225 So. 3d 565, 570 (Miss. Ct. App. 2017) (finding that pursuant to Mississippi Code § 11-7-305(3) the judgment debtor "possessed twenty days from the date of enrollment of the [foreign judgment] to contest the enrollment."). The judgment debtor may then seek to stay the enforcement of the foreign judgment by providing a bond or other security. MISS. CODE ANN. §§ 11-7-303, 11-7-307; FED. R. CIV. P. 62.

After the stay is lifted, or if no stay is sought, the judgment creditor may enforce the judgment through various means, including a writ of execution pursuant to Mississippi Code § 13-3-111 and § 13-3-113, a charging order pursuant to Mississippi Code § 79-29-705(1), or a suggestion for writ of garnishment pursuant to Mississippi Code § 11-35-1. If additional information relating to the assets of the judgment debtor is needed, the judgment creditor may also seek to obtain discovery in aid of execution of the judgment pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 69(a)(2); *Smith v. Haynes*, No. 2:11-cv-221-KS, 2013 WL 5438412, at *2 (S.D. Miss. Sep. 27, 2013).

Again, one way a judgment may be enforced is through a writ of execution, which must specifically identify the property to be seized and sold to satisfy the judgment. *Smith*, 2013 WL 5438412, at *2; *Bonds v. Bonds*, 453 So. 2d 1020, 1022 (Miss. 1984) (attaching writ of execution); MISS. CODE ANN. § 13-3-113. After specifically identifying the property in the writ, the judgment creditor provides the writ of execution to the clerk of court in the county where the judgment was enrolled and where the property is located. MISS. CODE ANN. § 13-3-111; *see also Citizens Nat. Bank v. Dixieland Forest Prod., LLC*, 935 So. 2d 1004, 1007 (Miss. 2006). The clerk of court must then issue the writ of execution and "place the same in the hands of the sheriff of the county. The sheriff

shall effectuate any execution on a judgment." MISS. CODE ANN. § 13-3-111; *see also* MISS. CODE ANN. § 13-3-113. If the property is real property, the sheriff shall levy an attachment on the real estate, and the return must adequately describe the real property. MISS. CODE ANN. § 13-3-123. If the property is personal property, the sheriff must seize it. MISS. CODE ANN. § 13-3-125. "Once the writ of execution has been properly served and levy or sequestration is made on the property, the sheriff must sell the property." Jeffrey Jackson *et al.*, Encyclopedia of Mississippi Law § 27:14 (3d ed 2022). Before the property can be sold, the judgment creditor must advertise the sale of real property once a week for three weeks before the sale in accordance with Mississippi Code § 13-3-163 and personal property ten days before the sale in accordance with Mississippi Code § 13-3-165. The sale shall be made at the county courthouse unless there is personal property too cumbersome to be moved. MISS. CODE ANN. § 13-3-161. In that case, the personal property may be sold in place or at any convenient place. *Id.*

Pursuant to Mississippi Code § 79-29-705, a judgment creditor may enforce a judgment against a judgment debtor's interest in a limited liability company by filing a motion for a charging order. A charging order under § 79-29-705 "constitutes a lien on the judgment debtor's financial interest" and requires that distributions otherwise due to the judgment debtor instead be paid to the judgment creditor to satisfy the judgment. MISS. CODE ANN. § 79-29-705. Under Mississippi law, a charging order is the judgment creditor's exclusive remedy against a judgment creditor's financial interest in a limited liability company. *Id.*

Another way a judgment may be enforced is by filing a suggestion for writ of garnishment pursuant to Mississippi Code § 11-35-1 and § 11-35-5. *Bechtel Power Corp. v. MMC Materials, Inc.*, *Bechtel Power Corp. v. MMC Materials, Inc.*, 830 So. 2d 672 (Miss. Ct. App. 2002) (noting that the

4

general garnishment statutes in Mississippi are one of "the traditional legal devices to be available for the enforcements of judgments.") (citing MISS. R. CIV. P. 69(a)). A writ of garnishment may be served on any "person, either natural or artificial, including the state, any county, municipality, school district, board or other political subdivision thereof," so long as the suggestion for writ of garnishment shows that the garnishee is "(1) indebted to the judgment debtor or has effects or property of the judgment debtor in the garnishee's possession; or (2) knows of some other person who is indebted to the judgment debtor or is in the possession of effects or property of the judgment debtor." MISS. CODE ANN. § 11-35-1; Jeffrey Jackson *et al.*, Encyclopedia of Mississippi Law § 27:49 (3d ed 2022) (citing MISS. CODE ANN. § 11-35-1). Mississippi Code § 11-35-9 requires writs to be served in the same way that a summons is served under Rule 4 of the Mississippi Rules of Civil Procedure. *See Webster v. Fannings*, 311 So. 3d 1157, 1159-60 (Miss. 2021) (explaining service of process under Rule 4). After service, the garnishee must serve an answer under oath pursuant to Mississippi Code § 11-35-25. *Anderson-Tully Co. v. Brown*, 383 So. 2d 1389 (Miss. 1980); MISS. CODE ANN. § 11-35-25. If the garnishee admits an indebtedness, payment is made to the circuit clerk. Jeffrey Jackson *et al.*, Encyclopedia of Mississippi Law § 27:52 (3d ed 2022) (citing MISS. CODE ANN. § 11-35-23).

Upon review of Rule 69 of the Federal Rules of Civil Procedure and the Uniform Enforcement of Foreign Judgments Act as set forth in Mississippi Code § 11-7-301 through § 11-7-309, it is clear that the judgment cannot be enforced in the manner sought by the Plaintiffs. Although the Plaintiffs seek to enforce the judgment, they provide no authority and have not identified how the judgment may be enforced or through what means. For these reasons, the Plaintiffs' Motion [346] is without merit and must be denied.

## II. RULE 11 SANCTIONS

In seeking sanctions and attorney fees, the Defendant argues that the instant motion is "essentially the same" as Plaintiffs' prior Motion to Dismiss Appeal [325] for Defendant's alleged failure to post supersedeas bond and also the same as Plaintiffs' Emergency Motion to Compel [341] and to enforce a supersedeas bond. The Court denied those Motions. The Defendant submits that "[t]hese repeated motions and requests are frivolous and the Defendants should be granted attorney fees for having to defend these motions repeatedly." [348], pg. 1. Although the Defendant requests sanctions under Rule 11, the Defendant did not comply with Rule 11's procedural "safe harbor" requirements and no such relief may be granted.

Rule 11 provides, in relevant part:

> *A motion for sanctions must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

FED. R. CIV. P. 11(c)(2) (emphasis added). "The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). In *Elliott*, the Fifth Circuit held that when the moving party fails to comply with this "safe harbor" provision, a Rule 11 sanction as requested by a party cannot be upheld. *Id*. Nevertheless, a district court may *sua sponte* impose sanctions under Rule 11. *Brunig v. Clark*, 560 F.3d 292, 298 (5th Cir. 2009). This provision contains no "safe harbor" requirement, but it requires, prior to the imposition of sanctions, the court to "order an attorney, law firm or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." FED. R. CIV. P. 11(c)(3);

6

*see also Elliott*, 64 F.3d at 216. This Order serves that purpose and describes the specific conduct the Court may find to be violative of Rule 11(b). *Brunig*, 560 F.3d at 297 n. 18. It should be noted that attorney fees "are not a valid *sua sponte* sanction" under Rule 11. *Id.* at 298.

Since the jury returned their verdict, Plaintiffs' counsel has attempted to enforce the judgment through various improper means. First, Plaintiffs' counsel filed lis pendens notices [312-1]. Under Mississippi law, lis pendens notices can be filed if a claim is related to specific property. *See Hooker v. Greer*, 81 So. 3d 1103, 1109 (Miss. 2012); MISS. CODE ANN. §§ 11-47-3, 11-47-9. Here, the Plaintiffs' underlying claims and subsequent verdicts did not involve real estate, but were instead Title VII claims based on allegations of sexual harassment and hostile work environment against Total Foot Care. And lis pendens were filed against Dr. Zaleski's property. But Dr. Zaleski was dismissed as a defendant at trial and there is no judgment or jury verdict against him. The Court ultimately found the lis pendens notices were improper under Section 11-47-3 of the Mississippi Code. [321], pp. 7-8; MISS. CODE ANN. § 11-47-3 (authorizing notice of lis pendens "to enforce a lien upon, right to, or interest in, any real estate."). This Court also found that the filing of the lis pendens notices were in violation of the thirty-day automatic stay set forth in Rule 62 of the Federal Rules of Civil Procedure. [321], pg. 6. For these reasons, the Plaintiffs were Ordered [321] to remove the lis pendens filed.

Plaintiffs' counsel then filed a Motion [325] attempting to dismiss the Defendant's appeal to the Fifth Circuit. The Plaintiffs argued that because the Defendant did not post a supersedeas bond, which Plaintiffs argued was required by Rule 62, the Defendant forfeited the right to appeal. [326], pg. 4. But because a supersedeas bond is not a condition precedent to an appeal in federal court, the Court denied the Motion. In its Order [340], the Court explained that since the

7

Defendants did not receive a stay of execution or waiver of an appeal bond, the Plaintiffs were entitled to seek enforcement of the judgment pursuant to applicable law. [340], pg. 3. The Court cautioned that that while the Court retains jurisdiction over the enforcement of the judgment, there are proper ways to enforce a judgment and improper ways. [340], pg. 3.

The very next day, Plaintiffs' counsel filed an Emergency Motion to Compel [341]. The Plaintiffs sought to compel the Court to order the Defendant to post a supersedeas bond. *Id.* at pg. 3. The Court expedited a hearing and denied the Motion. [345]. In their Motion, the Plaintiffs relied on law from the state of Mississippi and the Mississippi Supreme Court, which this Court explained was unpersuasive in ruling on federal procedural matters. Because the Plaintiffs offered no law that authorizes the Court to require the Defendant to post a bond, the Court found the Plaintiffs' Motion to be frivolous.

As discussed in its Order [321] requiring Plaintiffs' counsel to remove the lis pendens filings, and in the Orders [340], [345] denying the Plaintiffs' Motions to enforce judgment, none of the relief requested in these filings had a basis in law. Although the Court would have been within its discretion to *sua sponte* consider a sanction of Plaintiffs' counsel for reasons discussed at the hearing on the Plaintiffs' Emergency Motion to Compel [341]—and in the Order [321] requiring removal of the lis pendens, the Court refrained. *See* [321], pg. 11.

While the instant Motion requests the Court to "have mercy on Plaintiffs and their Counsel" and states that the Plaintiffs do not seek to "frustrate the court with another motion, and certainly not frustrate the court to the point of sanctions for annoying the court," the Court finds that the time for leniency has passed. [347], pp. 1-2. Accordingly, Plaintiffs' counsel is ordered to show cause why sanctions should not be imposed under Rule 11 for presenting frivolous arguments.

*See F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994) (finding that "sanctions are to be applied only where, at the time of the filing, such arguments were unwarranted.").

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Enforce Judgment [346] is DENIED.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' counsel is ORDERED TO SHOW CAUSE why sanctions should not be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure no later than January 5, 2023.

**SO ORDERED AND ADJUDGED,** this the 21st day of December, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE