# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ANGELA TATE, ET.AL                          PLAINTIFFS

VS.                        CIVIL CAUSE NO. 2:19-cv-00063-KS-JCG

DR. MICHAEL ZALESKI, and                  DEFENDANTS
TOTAL FOOT CARE ET.AL

_____

**PLAINTIFFS RESPONSE TO THE COURT'S SHOW CAUSE FOR SANCTIONS**
_____

**COMES NOW,** Plaintiffs and files this show cause response to the courts order Doc. [354].

As such, the only response to the court's frustration with Plaintiffs is that the Court duly stated in its order that Plaintiffs initiated their motion for the Rule 69 execution of the judgment in the form of a bond according to what Plaintiff's honestly believed the court stated was the route to take for execution of the judgment while on appeal(the last telephonic hearing on the bonding matter) F.R.C.P. 69 and the motion was filed in good faith.  Plaintiff reminds the court that Plaintiff stated its apology and pre-apologized the court's mercy and had no intention of frustrating, annoying nor filing a frivolous motion, rather the motion was filed in good faith.  Instead, and in good faith, Plaintiffs honestly thought they were acting upon the court's last order to file a F.R.C.P. 69 Motion, and cited case law in the motion filed in July 2022.  As a result, and to demonstrate that the motion

was filed in good faith, it was not until after the 5th Circuits order (5 months later) that the plaintiffs sought to have a ruling on the motion. Plaintiffs sought relief from this court and provided the F.R.C.P. 69 rule and case law in the motion back in July 2022 and even sent an email to all parties requesting guidance on the motion that was filed in July. Plaintiff did not bother the court with a request for a hearing or action until December 2022, after the 5th Circuit ruled on the appeal and plaintiff was allowed to argue the matter before the 5th Circuit before seeking such instruction and request from the court.

However, it appears even five months later to seek the court's help in the bond, Plaintiffs just got it wrong and has frustrated the court in trying to do what Plaintiffs believed, in good faith, that the court's order stated. For that, plaintiffs and its counsel apologizes.

As the court knows, Plaintiffs counsel has absolutely no power to prevent the court from exercising its discretion on sanction, but would like the Court to know that there was no intent in harming the court's time and knowledge, nor any bad faith on plaintiffs interpretation of the last order, instead, plaintiffs attempted to do what they thought the court instructed in its last order, and hearing and that was file a F.R.C.P. 69 execution of judgment .

Therefore, plaintiffs ask the court's indulgence of excusable neglect[1] in

---

[1] Rather than file a memorandum on excusable neglect and out of fear such additional filing will only frustrate the court more, Plaintiffs cite to **_Bagley v. Dollar Tree Stores, Inc.,_** No. 1:18-CV-580 (E.D. Tex. Dec. 2, 2019); _Salts v. Epps,_ 676 F.3d 468, 474 (5th Cir. 2012) (quoting Charles Alan Wright et al., Federal Practice and Procedure § 1165); accord **_In re Neurology & Neurophysiology Assocs., P.A._**, 628 F. App'x 248, 251 (5th Cir. 2015).

misinterpreting the court's telephonic hearing regarding using the F.R.C.P. 69 execution of a judgment for a supersedes bond to be enforced during the appellate stage of this case please see exhibit A, B, and C. The request was made in good faith, even if the court finds it was clumsy. And based on the Court's order Doc.[354] the Court seems to understand that Plaintiff is trying to have the money judgment bond placed, but in the process is frustrating the court with the proper application of the law applicable to requesting the assistance of the court. Thereby, and although reading the court's order here at Doc.[354] plaintiffs mistakingly interpreted F.R.C.P. 69 and the court's last telephonic hearing on the request for a money judgment as the proper way to seek relief of the judgment. Last, Plaintiffs, as stated in the email, is at the mercy of the court. Plaintiffs assert that if all lawyers were sanctioned for the attempt of the practice of law, and interpret telephonic hearings and orders, then most, like this lawyer will likely just not file pleadings for fear of wrongful interpretations of the court's orders. Therefore, with no power to stay the hand of a district court judge, plaintiffs respectfully ask the court to consider the time frame from when the order was filed July 26, 2022 and did not request action nor a hearing until December 12, 2022, therefore, the filing was in good faith and certainly a show of good faith in waiting to seek this court's instructions until after the 5th Circuit ruled on the appeal.

**RESPECTFULLY SUBMITTED this, the 21st day of December 2022**

**BY: /s/Abby Robinson (MBN 105157)**
ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.
227 E. Pearl street

JACKSON, MISSISSIPPI 39201
601-321-9343
FAX: 601-487-6326
E-mail: arobinsonlawfirm@yahoo.com
E-mail: abby@askabbylaw.com

**LEAD ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that I have filed the foregoing document with the Clerk of Court using the CM/EFC system, which sent notification of that filing to all persons registered to receive service of this case.

This the 21st day of December, 2022

*/s/***Abby Robinson (MSB 105157)**

ABBY ROBINSON LAW FIRM PLLC.
227 E. PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com
Email: abby@askabbylaw.com
Counsel for Plaintiff


Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net
Counsel for Defendants